**Sherman ROSE, Claimant-Appellant,**

**v.**

**OZARK PRIDE AGRIBUSINESS, INC., and Casualty Reciprocal Exchange, Employer and Insurer-Respondents.**

**No. 9387.**

Missouri Court of Appeals, Springfield District.

May 29, 1974.

Theodore Beezley, Robert T. Beezley, Springfield, for claimant-appellant.

Raymond E. Whiteaker, Woolsey, Fisher, Clark & Whiteaker, Springfield, for employer and insurer-respondent.

HOGAN, Chief Judge.

This is an appeal from a judgment of the Circuit Court of Lawrence County affirming an award of the Industrial Commission. The award denied compensation alleged to be due under the Workmen's Compensation Act on account of an accidental injury sustained by Sherman Rose in the course of his employment with Ozark Pride Agribusiness, Inc.

The incident upon which the claim of accidental injury is based occurred on December 16, 1968, while Rose, in the discharge of his duties as an employee, was loading turkeys into a coop on a truck. One of the turkeys escaped and struck Rose in the right eye with its wing or foot. Rose subsequently lost the sight of his right eye. Two physicians who examined Rose found his loss of sight was caused by traumatic neurosis resulting from the accident; another found that his loss of vision was due to arteriosclerotic changes within the eye which had no connection with the accident. The Commission held that Rose's blindness was not caused by or in any way connected with the accident.

█ In this court Rose has briefed and argued a number of points, but the case is governed by such familiar principles that neither a complete recitation of the facts nor a discussion of each point is necessary. Rose claims that the venue of the action was improper because the accident occurred in Lawrence County and the original hearing before the Division of Workmen's Compensation was held in Greene County. The point is without merit; our judicial knowledge includes the location and boundaries of counties, Vanderhoff v. Lawrence, 201 S.W.2d 509, 510–511 [1] [2] (Mo.App.1947), aff'd 206 S.W.2d 569 (Mo.1947), and we therefore know that Greene and Lawrence Counties adjoin. The governing statute, § 287.640, RSMo 1969, V.A.M.S., authorizes original hearings in any county adjacent to that in which the accident happened and the venue was not improper.

█ Otherwise, Rose has elaborately argued the deficiencies of the medical proof presented by the employer and insurer. For example, he maintains that the employer and insurer's medical evidence was based on an insufficient factual hypothesis put to the physician who testified that his blindness was the result of arteriosclerotic disease, but he did not object to the hypothetical question during the hearing. We therefore, have nothing before us for review. Denney v. Spot Martin, Inc., 328 S.W.2d 399, 402 [2] (Mo.App.1959). In addition, Rose argues that for various reasons the opinion of the physician who testified for the employer and insurer was not substantial on the question of causation, but we cannot agree. We have read the record carefully and it appears to us that the opinion of the employer and insurer's physician was based upon those means of knowledge which are regarded by the medical profession as sufficient, and we cannot act as a jury and reject that opinion. Greer v. Missouri State Highway Department, 362 S.W.2d 773, 779–780 [8] (Mo.App.1962).

█ Our review is limited to deciding whether the Industrial Commission could reasonably have made its finding and reached the result it reached upon consideration of all the evidence before it and whether its decision is clearly contrary to the overwhelming weight of the evidence. Monical v. Armour & Co., 307 S.W.2d 389, 391 [1] (Mo.1957). The ultimate question

here, as it was in Vollmar v. Board of Jewish Education, 287 S.W.2d 868 (Mo. 1956), and Greer v. Missouri State Highway Department, supra, 362 S.W.2d 773, is which of two conflicting medical theories should be accepted. That issue is peculiarly for the determination of the Industrial Commission. Vollmar v. Board of Jewish Education, supra, 287 S.W.2d at 872 [4].

Our review of the record convinces us that the award denying compensation is supported by competent and substantial evidence on the whole record and that a fully developed opinion would have no precedential value. For those reasons, the judgment is affirmed on this memorandum pursuant to Rule 84.16(b), V.A.M.R.

All of the Judges concur.