James Kenneth CONOVER, Respondent,

v.

**MISSOURI STATE HIGHWAY DE-PARTMENT, and Home Insurance Company, Appellants.**

No. WD 32081.

Missouri Court of Appeals, Western District.

June 23, 1981.

Wendell E. Koerner, Jr., St. Joseph, for appellants; Brown, Douglas and Brown, St. Joseph, of counsel.

William G. Whetsell of Turner & Whetsell, St. Joseph, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

In this workmen's compensation case, the employer/insurer appeals the award of compensation entered by the Industrial Relations Commission. The award was affirmed by the circuit court. The judgment of the circuit court affirming the award is herein affirmed.

 Review by this court is of the award of the Industrial Commission and not of the finding of the Administrative Law Judge, *Craig v. Calvert*, 572 S.W.2d 235 (Mo.App.1978); and review is limited to determining whether the award is authorized by law and whether it is supported by competent and substantial evidence, *Pulitzer Pub. Co. v. Labor & Ind. Relations*, 596 S.W.2d 413 (Mo.banc 1980). No dispute exists between the parties, and the record clearly establishes that the award was authorized by law. The only issue to resolve is whether or not there was competent and substantial evidence to support the award.[1]

In attacking the award for lack of substantial and competent evidence, appellants allege that the Commission and the circuit court committed error in refusing to reverse the award because (a) only evidence of causation was based upon a hypothetical question propounded to the medical expert, the hypothetical question being fatally defective because it assumed medical findings not in evidence and that contrary to the evidence, it assumed that no other injuries were sustained by the employee and (b) the medical evidence on causation was equivocal and therefore not substantial evidence, thus rendering the Commission's finding of causal connection mere speculation and conjecture.

Upon the hearing of this matter, the parties stipulated that (a) the claimant was an employee of the Missouri Highway Department on January 12, 1978; (b) the employer is an employer operating within the Missouri Workmen's Compensation law; (c) the employer was insured by Home Insurance Company; (d) the employee sustained an injury on January 12, 1978 arising out of and in the course of his employment; (e) the employer had notice of the injury and (f) the claim was filed within the time prescribed by law. There was no dispute that the compensation rate was $95 over $80. At the time of the hearing, the employer had tendered payment for medical expenses to the physicians, but the costs incurred by the employee for medical services from his own physician were both denied and unpaid. The Commission, in its findings and order, found the employer was not responsible for payment of these particular medical costs ($268.83) because of lack of evidence regarding the necessity or reasonableness of these costs.

The issues drawn from the above stipulation were (1) whether or not the conditions complained of were a result of the accident of January 12, 1978 and (2) the nature and extent of the injury. It should be noted that (2) has been abandoned for all intents and purposes on this appeal, other than how it relates to causation. Appellant more directly argues that there was insufficient evidence to support a finding of causation or causal connection between the claimed accident and the claimed resulting injury.

The employee testified that on January 12, 1978, he was working in the stock room assisting in an inventory audit. He fell some four feet, striking his head on merchandise in the area, and as his head hit, it forced his chin to his chest. He stated that he had received no prior injury to or had no previous complaints regarding this area of his body subsequent to the January 12 fall.

1. The disputed claim herein arose January 12, 1978, and hence § 287.490 RSMo Supp.1980 is applicable to this appeal. For appeals arising from claims after August 13, 1980, see § 287.-495, RSMo Supp.1980.

Immediately after the fall, he experienced pain in his neck and back. The day after the fall, the employee was sent to the employer's physician. No x-rays were taken, but the employee was given medication for pain and physical therapy for approximately a five-week period. The therapy was discontinued upon the decision of the employer's physician. The employee stated he was still having pain in his neck and back when the therapy ceased. The employee continued to work with attending pain and discomfort.

On May 9, 1978, the employee sought medical assistance from his personal physician. This contact was made after the employee suffered muscle spasms from pushing his lawnmower. The personal physician tested the employee for possible heart problems, which proved negative. The employee also testified that he experienced pain in his chest the last part of April when he reached up to catch a frisbee thrown during a family picnic.

During the time the employee was tested by his personal physician, he was referred to a neurosurgeon who, after examining the employee (including x-rays and a spinal tap), concluded that the employee suffered from ruptured disks in the cervical region of the spine. Corrective surgery was performed with only a healing and drainage problem involving the hip, from which bone was removed to complete the cervical fusion.

Appellants correctly point out our courts have held that the nature, cause and extent of disability can be determined by the testimony of the claimant if the facts of such fall within the realm of the layman's understanding, but when injury and effect involve sophisticated diagnosis and treatment, the nature, cause and extent of disability must be established by expert testimony. Appellant cites *Griggs v. A. B. Chance Company*, 503 S.W.2d 697 (Mo.App.1973). It is obvious that appellants' argument on this point seeks two concurring results, the first being that the cause of his disability cannot be proven by his testimony alone and the second, to direct the court's attention to the alleged failure of the expert medical testimony to establish causation. The second part of the sought-after conclusion brings into direct focus appellants' two alleged points of error.

Prior to the hearing on the employee's claim, the neurosurgeon who operated on the employee was deposed. By agreement, this deposition, in lieu of appearance by the physician, was placed in the record. In addition to objections made during the doctor's deposition, appellants were granted leave to file written objections to portions of the doctor's testimony. The administrative law judge, in his findings and order, overruled the objections.

During the prehearing deposition of the neurosurgeon, counsel for the employee propounded a hypothetical question to the doctor. That question serves as the basis for appellant's argument on this appeal. It serves no purpose to set forth the question verbatim, but it suffices to point out how the question is sufficient against appellants' attack. The hypothetical question was not exactly a masterpiece in its form, but the substance is the key to the conclusion of the issue.

In their first argument, appellants contend that the hypothetical question was defective because it included facts (examination and diagnosis by the employee's private physician) not in evidence. The record shows that this evidence was, in fact, made part of the record by the employee without appellants' objection. That portion of appellants' contention is without merit. Secondly, appellants contend that the hypothetical question was fatally defective because it failed to include no other injuries or traumatic episodes subsequent to January 12, 1978. Appellants' argument simply fails for a variety of reasons. First, the employee testified that at the time of the injury, he sustained pain which was continuous until corrective surgery on May 16, 1978. In addition, there was no evidence of any prior (before January 12, 1978) injury. Further, appellants contend that the employee's experience of pain and discomfort while mowing his lawn and catching a frisbee were

traumatic injuries, and constituted independent causal events.

The testimony of the physician, considered as a whole, demonstrated that he considered these episodes as typical of a person suffering from the injury (in January) who engaged in such activities. Thus, the hypothetical contained all the material facts relating to causation shown in the evidence.

The question, as posed, fairly hypothesizes the relevant facts and fairly represents the questioner's theory. *Gavan v. H. D. Tousley Company,* 395 S.W.2d 266 (Mo. App.1965). The particular question herein meets the requirements in *Gavan.*

■ As their final point, appellants contend that a combination of an equivocal response and the neutralizing effect of cross-examination rendered the medical opinion mere conjecture and speculation, thus eliminating the causal relationship between injury and disability. Appellants argue that the evidence indicates that the employee's injury could have resulted from any one of several causes including the accident of January 12, 1978, and hence the employer/insurer would not be liable.

The medical expert attributed the employee's condition to trauma, and testified that he had no record of injury prior to January 12, 1978. In addition, when quizzed about the medical attention to the employee between January 12, 1978 and May 16, 1978, he noted that such attention was to determine a possible cardiac problem, but advised that no cardiac problem was found. In addition, when the medical expert was asked to respond (with reasonable medical certainty) to the question of whether or not the employee was traumatically injured, he responded in the affirmative.

Appellants contend that the testimony of the medical expert was neutralized upon cross-examination. The key answer to resolve this issue was as follows:

"A. (By medical expert) Okay, let's put it this way: When I examined him on the 14th of May, I asked him, like I routinely do with anybody, for any history of trauma in the past. Okay? And he referred, as I remember, a spell where he had a pain working in the garden, I think, and that one that you mentioned with the Frisbee—I don't know exactly the dates, but it was something between January and May—with the history of the fall. Okay? *But all the things were typical episodes."* (emphasis added)

The last comment was reference by the medical expert to the mowing and frisbee incidents.

Appellants posture their argument upon the incorrect assumption that the evidence supports the fact that the mowing and frisbee incidents were traumatic in origin and hence could have possibly been the cause of the employee's disability. The evidence does not support this assumption. These were unrelated events which led the employee to seek advice from his personal physician. The personal physician, in turn, suspected a cardiac condition. This suspected condition was ruled out and immediate cervical surgery was performed on the employee.

This court must determine upon review whether, upon the whole record, the Commission could reasonably have made its findings and reached its result upon the evidence before it, *Smith v. Terminal Transfer Company,* 372 S.W.2d 659 (Mo. App.1963). While it has been noted that the hypothetical question, along with the overall questioning and cross-examination of the medical expert, did not unfold as mere legal art forms in either their depth or expanse, sufficient evidence was secured upon which the Commission could reasonably have reached the result that it did.

Points (1) and (2) are found to be without merit and are ruled against appellants.

The judgment is in all respects affirmed.

All concur.