**Helen BELL, Appellant,**

v.

**NEIMAN MARCUS, INC., Respondent.**

**No. 51592.**

Missouri Court of Appeals,
Eastern District,
Division I.

July 21, 1987.

Ray A. Gerritzen, St. Louis, for appellant.

Robert T. Hart, Norbert E. Hart, St. Louis, for respondent.

SATZ, Presiding Judge.

This is a workers' compensation case. Claimant, Helen Bell, was awarded compensation by the Labor and Industrial Relations Commission (Commission). Subsequently, she filed an application for rehearing on the grounds of change in condition. § 287.470 RSMo. 1986. The Commission denied her application. The circuit court affirmed. Claimant appeals. We affirm.

Defendants Neiman Marcus, Inc., employer, and Maryland Casualty Company, insurer, raise a threshold procedural matter. They argue the Commission's denial of claimant's application is not a final and appealable order. Defendant's point relied on is a bald conclusion which they failed to support. The point does not state why we do not have jurisdiction over the appeal

and, thus, violates Rule 84.04(d). Additionally, in their argument, they fail to state why their point is correct. Rule 84.04(d); *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).[1] We are not required to formulate an argument to support defendant's bald conclusions. Of course, we can examine our jurisdiction *sua sponte*. We find no need to do so.

Claimant argues the Commission's decision was not supported by sufficient competent evidence. § 287.490 RSMo.1986. We disagree.

We view the evidence in a light most favorable to the Commission's findings and determine whether the Commission could have reasonably made the findings and reached the result it did. *Swillum v. Empire Gas Transport, Inc.*, 698 S.W.2d 921, 925 (Mo.App.1985); *Strohmeyer v. Southwestern Bell Telephone Co.*, 396 S.W.2d 1, 3 (Mo.App.1965). The Commission determines credibility, and we do not substitute our view of the facts if the Commission's findings are supported by sufficient competent evidence. *Lee v. Western Electric Company, Inc.*, 695 S.W.2d 510, 512 (Mo.App.1985); *Barr v. Vickers, Inc.*, 648 S.W.2d 577, 579–80 (Mo.App.1983).

Claimant's changed condition allegedly is systemic lupus erythematosus (lupus). She claims this alleged condition is causally related to her 1977 accident.

At the hearing, all medical experts agreed the cause of lupus is unknown. Whether claimant has lupus centers upon the interpretation and weight given to a positive antinuclear antibody (ANA) test.[2]

Dr. Andrew Robert Baldassare, testified for claimant. After a previous ANA test was negative, Dr. Baldassare ordered another ANA test which was positive. Dr. Baldessare stated he thought claimant had lupus. Dr. Baldassare also stated there was a good chance claimant had lupus prior to 1977, and the accident or trauma in 1977 most likely aggravated this condition.

Dr. Howard J. Aylward testified by deposition for defendant. After examining claimant and reviewing her history and records, he did not believe claimant has lupus. He also said the ANA is of borderline significance because many people with similar ANA results to claimant's have no corresponding clinical problem. Although Aylward could not specifically diagnose claimant's complaints, he concluded claimant's current complaints are unrelated to the 1977 accident.

From the proffered medical testimony, the Commission concluded claimant's 1977 accident did not aggravate the lupus condition. The Commission could not conclude claimant had lupus at the time of the accident. The Commission, having discretion in deciding which medical testimony to credit, *See, Hawkins v. Emerson Electric Company*, 676 S.W.2d 872, 877 (Mo.App. 1984), *Rose v. Ozark Pride Agribusiness, Inc.*, 510 S.W.2d 500, 502 (Mo.App.1974), chose to credit Dr. Aylward. Dr. Aylward conducted a physical examination of claimant and reviewed her clinical findings and medical history. Based upon this information, he drew his conclusions. His testimony constitutes sufficient competent evidence upon which the Commission could base its conclusion.

Judgment affirmed.

CRIST and KELLY, JJ., concur.

---

1. Defendants' point and argument state:
   THE CASE IS STILL OPEN AND IS NOT RIPE FOR APPEAL
   The Commission in their original decision left this case open by requiring the employer/insurer to provide medical treatment required

from the injury. Only final awards can be appealed.

2. An ANA test discerns whether a person is making antibodies against nuclear material.