Vernon BELL, Claimant/Appellant,

v.

GENERAL MOTORS ASSEMBLY
DIVISION, Respondent.

No. 52524.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 1, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 7, 1988.

Harry James Nichols, St. Louis, for claimant/appellant.

Daniel J. Harlan, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

The employee (Bell) appeals from a decision by the Missouri Labor and Industrial Relations Commission (Commission) in favor of Bell and against employer (General Motors Assembly Division). The Commission, none dissenting, awarded Bell twenty percent permanent partial disability, thus modifying the award of the Administrative Law Judge (ALJ) who had determined that Bell sustained seventy-five percent permanent partial disability. The Circuit Court of the City of Saint Louis affirmed the Commission's award. The sole issue on appeal is whether the decision of the circuit court affirming the Commission's award is supported by competent and substantial evidence. We affirm the judgment of the circuit court.

The evidence reveals that in March 1974 Bell was employed by General Motors Assembly Division and that on about March 30, 1974, Bell sustained an injury in the course of his employment. Bell was push-

ing a vehicle when he experienced pain in his back.

At the hearing before the ALJ in 1983, voluminous medical evidence and testimony was presented; Bell consulted numerous physicians and was hospitalized on several occasions. Briefly summarized, the following was offered into evidence: Dr. Murphy, a treating physician relied upon by Bell, stated Bell had sustained twenty percent permanent partial disability attributable to the March 1974 accident. Records from Saint Elizabeth's Hospital showed Dr. Lehr, also a treating physician, had written, "[N]o injury noted; chronic lumbar sprain, possible herniated disc, however, clinically, I cannot find this." Saint Elizabeth's records indicated as well that Dr. Meirink, after a consultation with Bell, had diagnosed chronic lumbar sprain and ruled out herniated nucleous pulposus. Additionally, the hospital records showed a completely normal myelogram. General Motors Assembly Division introduced the deposition of Dr. Rosenbaum, who had examined Bell in November 1979 and January 1983. Dr. Rosenbaum found no evidence of a herniated disc. He concluded by stating there appeared to be no medical reason why Bell could not engage in his occupation if he so desired, and that Bell suffered from absolutely no disability.

The ALJ determined that Bell sustained permanent partial disability of seventy-five percent. The Commission then modified the ALJ's award by reducing the amount to twenty percent permanent partial disability. On appeal, the function of this court is to adjudge whether the Commission's findings are supported by competent and substantial evidence, and not contrary to the overwhelming weight of the evidence. *Miller v. Sleight & Hellmuth Ink Co.*, 436 S.W.2d 625, 627–28 (Mo.1969). We will not indulge in surmise and thereby substitute our judgment for that of the Commission. *Paddock v. Chrysler Corp.*, 599 S.W.2d 33, 34 (Mo.App., E.D.1980).

Bell maintains that the Commission's decision to reduce the award made by the ALJ was not supported by competent and substantial evidence. We dis-

agree. First, this court notes that the Commission has the authority to diminish the compensation previously conferred by the ALJ. *Long v. Hannibal*, 670 S.W.2d 567, 570 (Mo.App., E.D.1984). The ALJ's decision does not in any way bind the Commission; the Commission is free to disregard the ALJ's findings of fact. *Id.* Further, the extent and percentage of disability is a finding of fact within the unique province of the Commission. *Fogelsong v. Banquet Foods Corp.*, 526 S.W.2d 886, 892 (Mo.App., W.D.1975).

After reviewing the copious record before the Commission, it becomes manifest that the Commission's decision to substantially reduce Bell's award was supported by the evidence. *See French v. Ford Motor Co.*, 720 S.W.2d 24 (Mo.App., E.D.1986). For, of the medical experts who proffered a disability rating, none assessed Bell's disability at more than twenty percent. And, as to all the witnesses, the Commission was charged with independently determining their credibility. *Tillman v. Wedge Mobile Service Station*, 565 S.W.2d 653, 658 (Mo.App., E.D.1978).

The judgment of the Commission is affirmed.

REINHARD and CRIST, JJ., concur.