Mary Ann JONES,
Appellant–Respondent,

v.

JEFFERSON CITY SCHOOL DISTRICT, Respondent–Appellant.

Nos. WD 42911, WD 42928.

Missouri Court of Appeals,
Western District.

Dec. 26, 1990.

John D. Schneider, St. Louis, for appellant-respondent Jones.

P. Pierre Dominique, Jefferson City, for respondent-appellant School Dist.

William L. Webster, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for Missouri State Treasurer as Custodian of the Second Injury Fund.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

ULRICH, Judge.

Jefferson City School District (School District) appeals the Labor and Industrial Relations Commission's (Commission) decision awarding its employee, Mary Ann Jones, compensation for injuries she suffered. On appeal, School District contends that the Commission erred in determining

that Mrs. Jones suffers from a 94.5 percent permanent partial disability. Mary Ann Jones cross appeals contending that the Commission's award is inadequate. The Commission's decision is affirmed.

On September 15, 1982, Mary Ann Jones slipped on a wet concrete floor and fell. As a result of this accident, Mrs. Jones suffered an injury to her back and experienced considerable pain. At the time of the accident, Mrs. Jones was employed as a secretary for School District, and the accident arose out of and in the course of her employment.

Following a hearing, the administrative law judge (ALJ) of the Division of Workers' Compensation determined that Mrs. Jones sustained a forty-five percent permanent partial disability. Additionally, the ALJ found the Second Injury Fund liable for a preexisting disability due to a back injury Mrs. Jones sustained in 1977 while performing a treadmill test. The ALJ also determined that School District was not financially responsible for chiropractic therapy Mrs. Jones received after School District had referred her to Dr. John Payne for treatment of her back injuries. Mrs. Jones and the Second Injury Fund appealed the ALJ's decision to the Commission.

The Commission determined that the Second Injury Fund was not liable because Mrs. Jones' earlier back injury was a non-disabling preexisting condition and thus a noncompensable injury. The Commission further modified the ALJ's award by determining that Mrs. Jones suffers from a 94.5 percent permanent partial disability. The remainder of the ALJ's award was affirmed by the Commission. School District and Mrs. Jones appeal the Commission's decision.

On appeal, School District contends that the Commission erred because (I) its award is not supported by competent, substantial evidence on the whole record and the decision is contrary to the overwhelming weight of the evidence; (II) it ignored the ALJ's determination of weight and credibility to be given testimony and failed to resolve conflicting evidence in favor of the ALJ's award; (III) the Second Injury Fund

should be liable for Mrs. Jones' preexisting disability; and (IV) the Commission's award is excessive. Mrs. Jones, on appeal, contends that the Commission erred (V) in denying her claim that she suffers from a permanent total disability; and (VI) in failing to order School District to pay for all chiropractic treatments she received.

■ The Commission's award may be set aside only if there is no substantial and competent evidence to support it or if it is clearly contrary to the overwhelming weight of the evidence. *Brown v. Hillhaven Convalescent Center,* 776 S.W.2d 47, 48–49 (Mo.App.1989). This court must view the evidence and legitimate inferences therefrom in the light most favorable to the Commission's award and may not substitute its judgment for that of the Commission. *Id.* at 48. Conflicts in evidence are for resolution by the Commission. *Id.* at 49.

I

■ On appeal, School District contends that the Commission's award is not supported by competent and substantial evidence and against the weight of the evidence. School District relies upon the testimony of its expert, Dr. John Hart, and videotaped surveillance of Mrs. Jones. Dr. Hart testified favorably for School District and the videotaped surveillance reveals Mrs. Jones shopping, running errands, frequenting restaurants, attending church and visiting a hospital over a three-day period. However, School District ignores the fact that the opinions of Drs. Garth Russell and John Payne are competent and substantial evidence supporting the Commission's finding.

The testimony of Dr. Hart and the videotaped surveillance admittedly contradict some of Drs. Russell and Payne's opinions. However, the Commission resolves all conflicts in evidence. *Id.* This court may not substitute its judgment for that of the Commission's when, such as here, the Commission's findings are supported by competent, substantial evidence and not clearly contrary to the overwhelming weight of

the evidence. *Id.* at 48–49. School District's first point is denied.

## II

For its second point, School District contends that the Commission erred in ignoring the ALJ's determination of credibility of witnesses and by failing to resolve any conflicts in evidence in favor of the ALJ's award. In particular, School District complains that the modification of the ALJ's award is outside of the Commission's authority as granted by § 287.470, RSMo 1986, because the award involved an assessment of credibility of witnesses who appeared before the ALJ but did not appear before the Commission.

■ The Commission is charged with reviewing the record and, when appropriate, determines the credibility of the witnesses and the weight to be given their testimony, resolves any conflicts in the evidence, and reaches its own conclusions independently of the ALJ's findings. *Petrovich v. Orscheln Bros. Truck Lines*, 607 S.W.2d 832, 833 (Mo.App.1980) (quoting *Tillman v. Wedge Mobil Serv. Station*, 565 S.W.2d 653, 658 (Mo.App.1978)). "The ALJ's decision does not in any way bind the Commission; the Commission is free to disregard the ALJ's finding of fact." *Bell v. General Motors Assembly Div.*, 742 S.W.2d 225, 226 (Mo.App.1987). After the Commission has reached its determination, this court reviews the Commission's award and not the findings of the ALJ. *Conover v. Missouri State Highway Dep't*, 618 S.W.2d 470, 471 (Mo.App.1981).

■ The Commission is not obligated to defer to the ALJ's determination of credibility of witnesses as suggested by School District. Furthermore, the Commission, and not the ALJ, is charged with resolving all conflicts in evidence. School District's second point is denied.

## III

■ School District next contends that the Commission erred in determining that the back injury Mrs. Jones sustained in 1977 did not result in Second Injury Fund liability because such a determination is contrary to the public policy expressed in § 287.220, RSMo 1986. Section 287.220 only contemplates liability premised upon the presence of a preexisting disability. The preexisting disability necessary for Second Injury Fund liability relates to a "disability to work and means 'industrial disability' or loss of earning capacity, rather than physical impairment as such." *Wilhite v. Hurd*, 411 S.W.2d 72, 77 (Mo. 1967). If the alleged disability did not adversely affect the claimant's ability to work or earning capacity, it cannot result in a combined disability referred to in § 287.220 and cannot result in Second Injury Fund liability. *Roby v. Tarlton Corp.*, 728 S.W.2d 586, 588 (Mo.App.1987).

■ The Commission determined that Mrs. Jones's 1977 back injury was not a preexisting disability under Missouri law. Mrs. Jones' own testimony reveals that she did not miss any work due to the 1977 back injury. Prior to her 1982 injury she had never missed work in sixteen years of employment with School District because of a back injury, and prior to the 1982 injury she enjoyed walking, swimming, water skiing, and dancing. The Commission's determination that Mrs. Jones' 1977 back injury is not a preexisting disability is supported by competent, substantial evidence and not clearly against the overwhelming weight of the evidence. School District's third point is denied.

## IV

■ Finally, School District complains that the Commission's finding of a 94.5 percent partial permanent disability is excessive. The determination of a specific amount or percentage of disability awarded to a claimant is a finding of fact within the unique province of the Commission. *Bell*, 742 S.W.2d at 226. This court will not substitute its judgment for that of the Commission even if this court would have made a different initial conclusion. *Sellers v. Trans World Airlines, Inc.*, 776 S.W.2d 502, 504 (Mo.App.1989). The Commission's determination that Mrs. Jones suffers from a 94.5 percent permanent partial disability

is within the unique province of the Commission, is supported by competent, substantial evidence, and is not against the overwhelming weight of the evidence. School District's fourth point is denied.

## V

■ Mary Ann Jones also appeals the Commission's finding that she suffers from a 94.5 percent permanent partial disability. Mrs. Jones contends that she suffers from a permanent total disability as defined in § 287.020 instead of a permanent partial disability. In particular, Mrs. Jones contests the Commission's inherent finding that she is employable.

Pursuant to § 287.020, a total disability entails an inability to return to any employment. This provision means any reasonable employment and "it is not necessary that the injured employee be or remain completely inactive or inert in order to meet the statutory definition of one unable to return to any employment." *Groce v. Pyle*, 315 S.W.2d 482, 490 (Mo.App.1958). "[T]he central question is whether any employer in the usual course of business would reasonably be expected to employ the employee in his present physical condition." *Kowalski v. M–G Metals & Sales, Inc.*, 631 S.W.2d 919, 922 (Mo.App.1982).

Mrs. Jones, relying upon the opinions of Dr. Payne and Dr. Russell, contends that she is not employable. She further contends that Dr. Hart's testimony, inplying that she is employable, does not provide substantial evidence to support the Commission's award. In particular, Mrs. Jones argues that Dr. Hart's testimony is not substantial evidence because Dr. Hart formed his opinion without viewing X-rays taken of Mrs. Jones' back.

This court recognizes that "[t]he extent and percent of disability is a finding of fact within the Commission's discretion and the Commission is not bound by the expert's exact percentages." *Prater v. Thorngate Ltd.*, 761 S.W.2d 226, 231 (Mo.App.1988). The Commission "is free to find a disability rating higher or lower than that expressed in medical testimony." *Sellers v. Trans World Airlines, Inc.*, 776 S.W.2d at 505.

Furthermore, the Commission may disbelieve the medical testimony of the witness though no contradictory or impeaching evidence is introduced. *Page v. Green*, 686 S.W.2d 528, 530 (Mo.App.1985).

The Commission is not bound by the testimony of Drs. Payne and Russell regardless of whether their testimony is contradicted or impeached. Additionally, despite Mrs. Jones' concerns regarding Dr. Hart's failure to consider her X-rays, his testimony is "based upon those means of knowledge which are regarded by the medical profession as sufficient...." *Rose v. Ozark Pride Agribusiness, Inc.*, 510 S.W.2d 500, 501 (Mo.App.1974). The evidence within the videotaped surveillance also supports the Commission's determination that she is employable. The Commission's denial of Mrs. Jones' claim that she suffers from a permanent total disability is supported by competent, substantial evidence and not clearly against the overwhelming weight of the evidence. Mrs. Jones' first point is denied.

## VI

■ Finally, Mrs. Jones contends that the Commission erred in determining that School District is not financially responsible for chiropractic therapy she received after being referred to Dr. Payne. The ALJ determined that these treatments were "not proven to be reasonable and necessary." The Commission adopted the ALJ's findings. After Mrs. Jones received five months of chiropractic therapy from Dr. Janice Sines, School District's insurer arranged for Mrs. Jones to receive further treatment from Dr. Payne. The school district's insurer, in a letter to Dr. Payne arranging Mrs. Jones' treatment, refers to its "understanding that Mrs. Jones has discontinued treatment with Dr. Sines." The fact that Mrs. Jones was receiving treatment for her back injuries from Dr. Payne raises the inference that continued chiropractic therapy was not reasonable and necessary under the circumstances. Mrs. Jones failed to introduce evidence to support her contention that continued therapy was reasonable and necessary. The Com-

mission's findings are supported by competent, substantial evidence and not clearly against the overwhelming weight of the evidence.

The Labor and Industrial Relations Commission's decision is affirmed.

All concur.