Charles W. HATTER, Jr., Respondent,

v.

**CLEANING SERVICE COMPANY,**

and

**St. Paul Insurance Companies, Appellants.**

**No. WD 44122.**

Missouri Court of Appeals, Western District.

Sept. 3, 1991.

Edward L. Weiss, St. Louis, for appellants.

Charles A. Powell, Jr., Macon, for respondent.

Before FENNER, P.J., and TURNAGE and ULRICH, JJ.

ULRICH, Judge.

The Cleaning Service Company (Employer) and St. Paul Insurance Companies (Insurer) appeal the Labor and Industrial Relations Commission's (Commission) decision awarding the employee, Charles W. Hatter, compensation for injuries he sustained. In its appeal, Employer contends that the Commission erred in finding that Mr. Hatter suffers from a ten percent permanent partial disability, in awarding temporary total disability for the periods between April 26 through May 5, 1985, and May 7 through May 12, 1985, and finally, in ordering Employer to reimburse Mr. Hatter for medical bills. Mr. Hatter cross appeals, contending that the Commission's limitation of the temporary total disability to two weeks was erroneous. The Commission's decision is affirmed.

Mr. Hatter's lower back was injured on April 24, 1985, when he slipped and fell as he was working in behalf of his employer to clean a cattle slaughtering plant. Mr. Hatter continued to work and completed his shift. The following day, while performing his duties, Mr. Hatter splashed cleaning fluid into his eyes. He flushed his eyes with emergency eye wash. Mr. Hatter was taken to a hospital by his supervisor, where he received medical attention, and he did not work the following week as instructed by Employer's doctor.

Upon returning to work on May 6, 1985, Mr. Hatter experienced pain in his back while performing his duties. He was admitted to a hospital for nonsurgical treatment. Mr. Hatter was released from the hospital on May 12, 1985, at his own request, and has since been unable to perform his usual work. He has performed limited clerical duties for an auto auction since November 1985.

Following a hearing, the administrative law judge (ALJ) of the Division of Workers' Compensation determined that Mr. Hatter's back was injured prior to May 6, 1985, in an incident unrelated to his employment. The ALJ further found that Mr. Hatter did not sustain an accident on May 6th. The ALJ concluded that the Employer was not liable for any further medical expenses and that Mr. Hatter only sustained 4/7th of one week of temporary total disability for his two injuries in April. The ALJ also ruled that Mr. Hatter did not suffer permanent partial disability from his work related activities.

Mr. Hatter applied to the Labor and Industrial Relations Commission for review of the ALJ's decision. The Commission determined that Mr. Hatter should receive temporary total disability compensation for April 26th through May 5th, and from May 7th through May 12th. The Commission further awarded Mr. Hatter ten percent permanent partial disability for his work related injuries and ordered Mr. Hatter to be recompensed for his medical expenses.

On appeal, Employer contends that the Commission erred in awarding Mr. Hatter temporary total disability, permanent partial disability and medical expenses because (I) the Commission's awards are not supported by sufficient, competent evidence on the whole record and are against the overwhelming weight of the evidence; (II) the Commission erred in not giving great weight to the ALJ's findings of fact and law, particularly as to the credibility of the witnesses' testimony; and (III) the Commission should not have heard any additional evidence not presented at the ALJ hearing. In his appeal, Mr. Hatter contends that (IV) the Commission erred by allowing an insufficient temporary total disability award.

This court will not disturb the Commission's findings except when the record indicates that there is not substantial and competent evidence to support the findings, or if the Commission's decision is clearly contrary to the overwhelming weight of the evidence. *Jones v. Jefferson City School Dist.*, 801 S.W.2d 486, 488 (Mo.App.1990). The evidence, and any legitimate inferences from such evidence, must be viewed in the light most favorable to the Commission's decision. *Id.* This court may not substitute its judgment for that of the Commission's, and great deference must be given to the Commission's resolution of conflicts in evidence. *Id.*

### I.

The Employer contends that the Commission's award is not supported by sufficient, competent evidence, and that it is against the overwhelming weight of the evidence. The Employer relies upon surveillance film of Mr. Hatter performing physical activity after he sustained the injuries, taken by its investigator, and upon the reports of Drs. Shin, Wayne, and Abernathie.

Surveillance films of Mr. Hatter were taken surreptitiously by an investigator hired by Employer. Employer argues that the surveillance photographs and films, which illustrate Mr. Hatter engaged in a variety of physical activities over a two-day period, as well as the testimonial evidence at the Commission and ALJ hearing, should preclude any temporary total disability award.

The Commission accepted the ALJ's assessment of the surveillance films and photographs as proof demonstrating Mr. Hatter's ability to perform work. The Commission denied temporary total disability except for the two weeks in which Mr. Hatter was unable to work due to his eye injury (April 26 to May 5) and except for the period of time that he was in the hospital (May 7 to May 12). The record discloses that Mr. Hatter was instructed by the company physician, Dr. Shin, to refrain from working for a week following the injury to his eyes on April 25, 1985. Mr. Hatter was treated nonsurgically in the hospital, by Dr. Shin, from May 6 to May 12, 1985, for the injury he sustained while working on May 6th. The Commission's function is to review the evidence and resolve any evidentiary conflicts that might arise, such as in the present case. *Id.* The Commission's findings and resolution of conflicting evidence will not be disturbed if it is supported by substantial and competent evidence. *Id.* Thus, since the record includes evidence to support the Commission's finding of temporary total disability, the temporary disability award is affirmed.

Employer also urges reversal of the Commission's award to Mr. Hatter for ten percent permanent partial disability attributable to Mr. Hatter's back injury. In support of its argument, the Employer refers to the following relevant evidence: the photographs and films of Mr. Hatter performing various physical activities after the injury occurred; Dr. Wayne's medical report which gave the employee a rating of 0% permanent partial disability; and Dr. Abernathie's medical report, which states that he does not substantiate Mr. Hatter's complaints of severe pain. However, the record supports by substantial and competent evidence the Commission's award of a ten percent permanent partial disability. The Commission accepted Dr. Abernathie's medical diagnosis that Mr. Hatter suffers ten percent permanent partial disability.

The Commission is not bound to Dr. Wayne's medical diagnosis. The Commission has discretion to disbelieve the medical testimony of witnesses. *Jones*, 801 S.W.2d at 490. The Commission rejected Dr. Wayne's diagnosis and accepted Dr. Abernathie's permanent partial disability rating, which "is a finding of fact within the unique province of the Commission." *Id.* at 489. This court will not substitute its judgment for that of the Commission's, even if this court would have drawn a different conclusion from the evidence. *Id.* Furthermore, any evidence which may lend support to a different finding than that of the Commission's must be disregarded. *Hutchinson v. Tri–State Motor Transit Co.*, 721 S.W.2d 158, 161 (Mo.App.1986). The Commission's ten percent permanent partial disability award is supported by competent, substantial evidence and is not against the overwhelming weight of the evidence.

■ The last argument raised in appellant's first point on appeal asserts that compensation for medical bills should not have been granted since the bills were not proven to be causally linked to any job-related injuries. However, the record illustrates that the medical bills were incurred as a result of injuries Mr. Hatter sustained while performing his employment duties. Mr. Hatter testified that he sustained injuries resulting from accidents that occurred on April 24, 25, and May 6, 1985. Both parties have stipulated that these injuries did in fact arise out of, and in the course of, his employment. The Commission accepted as true Mr. Hatter's testimony on the issue of medical causation. The Commission is vested with the discretion to accept as credible all or any portion of a witness's testimony. *Prater v. Thorngate, Ltd.*, 761 S.W.2d 226, 228 (Mo.App.1988). The Commission further found the absence of sufficient contrary evidence to demonstrate that the injuries sustained were attributable to any non-work activity. The Commission's award for medical bills is supported by sufficient, competent evidence.

The Commission's findings of temporary total disability, permanent partial disability, and compensation for medical bills are supported by substantial and competent evidence. The record also discloses that these findings are not contrary to the overwhelming weight of the evidence. The Employer's first point is denied.

II.

The Employer contends as its second point that the Commission erred by not giving great weight to the ALJ's findings of fact and law, specifically as to the credibility of testimonial evidence. The appellant urges this court to review and adopt the ALJ's determination.

■ The Commission has the duty to review the record. *Jones*, 801 S.W.2d at 489. The Commission is not bound by the ALJ's determinations in reviewing the record and in formulating its own findings of fact and law. *Id.* The Commission's conclusions are independent of the ALJ's findings. *Id.* "The ALJ's decision does not in any way bind the Commission; the Commission is free to disregard the ALJ's findings of fact." *Bell v. General Motors Assembly Div.*, 742 S.W.2d 225, 226 (Mo. App.1987). Additionally, the Commission has discretion to accept or reject the credibility of witnesses; "[t]he Commission is not obligated to defer to the ALJ's determination of [the] credibility of witnesses...." *Jones*, 801 S.W.2d at 489. It passes on the credibility of witnesses, regardless if the Commission neither sees nor hears the witnesses' testimony. *French v. Ford Motor Co.*, 720 S.W.2d 24, 26 (Mo.App.1986). The Commission is also charged with weighing the evidence and resolving any conflicts that may arise. *Jones*, 801 S.W.2d at 489.

■ On appeal, this court reviews the Commission's determination, and not the ALJ's. *Id.* Thus, the relevant question is not whether the Commission deferred to the ALJ's decision, but whether substantial and competent evidence exists in the record to support the Commission's decision as a fact tribunal. As demonstrated in the discussion of Employer's Point I, the Commission's award is sufficiently substantiated.

Employer argues that several cases support the proposition that the Commission erred by not deferring to the ALJ's determination. *See Miranda v. American Refrigerator Transit Co.,* 392 S.W.2d 413, 419 (Mo.App.1965); *McAdams v. Seven–Up Bottling Works,* 429 S.W.2d 284, 287 (Mo. App.1968). However, examination of those decisions illustrates the general rule that the Commission makes its own independent formulation of the facts and is not bound by the findings of the ALJ. *Id.* Any conflicts in the evidence are to be resolved by the Commission. Employer's second point is denied.

### III.

Appellants' last point on appeal contends that the Commission erred in admitting evidence that was not introduced at the ALJ hearing, particularly the testimony of Charles Schild and additional medical bills. Appellants argue that the Commission is barred from admitting and listening to evidence not submitted at the ALJ hearing.

■ Contrary to appellants' argument, the Commission has the authority and the discretion to hear additional evidence that was available, but not submitted, to the ALJ. *Lake v. Midwest Packing Co.,* 301 S.W.2d 834, 835 (Mo.1957). In the *Lake* decision, which had similar procedural facts to the present appeal, the court upheld the Commission's award rendered after hearing additional evidence, thereby reversing the ALJ's finding denying compensation. *Id.* The Missouri Supreme Court stated in *Lake* that the Commission is vested with discretion to review evidence submitted to the ALJ or to admit and hear further evidence. *Id. See also Modlin v. Sun Mark, Inc.,* 699 S.W.2d 5, 7–8 (Mo.App.1985); *Ellis v. Western Elec. Co.,* 664 S.W.2d 639, 644 (Mo.App.1984).

The Commission's decision to adduce new evidence will not be disturbed on appeal unless such discretion was exercised in an arbitrary or unreasonable manner. *Ellis,* 664 S.W.2d at 644. The record does not support a claim that the Commission acted arbitrarily or unreasonably. Thus, since the Commission has discretion to admit additional evidence not submitted to the ALJ hearing, and since the record does not support a finding that the Commission exercised its discretion arbitrarily or unreasonably, the Commission, therefore, acted properly in admitting the additional evidence. Appellants' last point on appeal is denied.

### IV.

■ Mr. Hatter contends on appeal that the Commission erred in limiting the temporary total disability award. The Commission allowed Mr. Hatter two weeks compensation—for the week he was absent from work due to his eye injury and for the week of his hospital stay. Mr. Hatter claims that the Commission's restricted award of two weeks temporary total disability is not supported by sufficient, competent evidence.

■ As stated previously, the Commission's decision will not be disturbed on appeal if the award is supported by substantial and competent evidence, or if the award is not contrary to the overwhelming weight of the evidence. *Jones,* 801 S.W.2d at 488. The Commission is free to disbelieve the medical testimony of witnesses, even if no contradictory or impeaching evidence is presented. *Id.* at 490. Any resolution of conflicting evidence is within the unique province of the Commission as trier of fact. *Id.* at 488. Thus, the Commission's duty includes weighing the evidence and deciding the case on the evidence that the Commission determines to be credible.

The Commission rejected Mr. Hatter's testimony as it related to his temporary total disability, stating that his testimony was "exaggerated." Additionally, the surveillance films and photographs of Mr. Hatter performing physical activity after the injuries indicate that Mr. Hatter is capable of working. Finally, Dr. Shin's medical records disclose that Mr. Hatter is able to return to work. The Commission's findings are supported by competent and substantial evidence, and are not clearly contrary to the overwhelming weight of the evidence. Mr. Hatter's contention that the

Commission erred by limiting the total temporary disability award is denied.

The Labor and Industrial Relations Commission's decision is affirmed.

All concur.