Sheila F. YOUNG, Employee/Appellant,

v.

HANDY ANDY, Employer–Respondent,

Employers Casualty Ins.,
Insurer–Respondent.

No. 61081.

Missouri Court of Appeals,
Eastern District,
Division One.

May 19, 1992.

Morris B. Kessler, St. Louis, for employee/appellant.

Daniel J. Harlan, St. Louis, for employer-respondent.

GARY M. GAERTNER, Judge.

Appellant, Sheila Young, appeals an order of the Industrial Relations Commission ("Commission") reducing her award for medical expenses and disability. We affirm.

This workers' compensation case began on September 15, 1980, when appellant, a food service worker, fell and knocked over a vat of hot grease onto her legs. She filed a claim on November 13, 1981, alleging injury to both legs and both feet. The injury report refers to both legs, but no mention is made regarding any other part of the body, nor does it identify any other variety of injury or disability. Respondent–Employer, Handy Andy, admitted the accident occurred and paid appellant temporary total disability benefits for six weeks.

Nearly five years later, on May 23, 1985, appellant filed an amended claim for compensation alleging injury to her back and

vascular system, as well as thrombophlebitis.[1] Respondent denied responsibility.

On September 14, 1988, an administrative law judge issued an award on the amended claim, finding appellant had sustained twenty-five percent permanent partial disability of the left knee, ten percent to the right knee, twenty percent to the body as a whole for lower and mid-back injuries, twenty percent to the body as a whole for depression, and an additional twenty percent for the cumulative effect of the above injuries. In addition, the administrative law judge awarded $7,507.25 for medical expenses incurred by appellant in treating the above injuries.

This award was appealed to the Commission, which issued a final award on October 24, 1991. The Commission modified the original award by reducing the medical expenses recoverable by appellant from $7,507.25 to $1,723.00, and by reducing the amount of permanent partial disability for depression from 20% to 10%. The Commission then affirmed the award as modified. Appellant recovered a total of $25,280.20 pursuant to the award of the Commission. This appeal ensued.

■ For her first point on appeal, appellant claims the Commission erred by denying appellant medical expenses which had been stipulated to by respondent. As it is evident from this allegation of error that appellant misunderstood the nature and limits of the stipulation, we disagree.

This court reviews the findings of the Commission, not that of the administrative law judge. *Jones v. Jefferson City School Dist.*, 801 S.W.2d 486, 489 (Mo.App., W.D. 1990). Our review in these cases is limited to a determination of whether the Commission's award is supported by competent and substantial evidence, viewing the record as a whole. *Carron v. Ste. Genevieve School Dist.*, 800 S.W.2d 64, 67 (Mo.App., E.D. 1990). Furthermore, this court accords the Commission's determinations considerable deference on appeal. We must view all evidence and inferences in the light most favorable to the Commission's award. *Jones*, 801 S.W.2d at 488.

It is evident from the transcript that the stipulation in question regarded admissibility of the proffered medical records, and nothing more. It is beyond doubt that expenses were incurred, bills sent and paid, etc., and respondent does not dispute this fact. Respondent disputes whether it is liable for those expenses, and respondent certainly did not stipulate to liability in the record before us.

Appellant relies on only one case: *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105, 111 (Mo. banc 1989). *Martin* is factually and analytically different from the case at bar. In *Martin*, there was no stipulation regarding medical bills at all, and the analysis focused on the fairness and reasonability, or lack thereof, of the treating physician's bills. Thus, *Martin* does not apply to the issue before us. Point denied.

■ Appellant's second point on appeal contends the bills submitted were reasonable and necessary. Appellant once again cites us to *Martin*, her only supporting authority. Once again, *Martin* is distinguishable from the instant case because the respondent in *Martin* admitted the medicines the doctor prescribed were reasonable, but contended the bills of the physician prescribing them were not. *Martin*, 769 S.W.2d at 111. In the case before us, respondent contends the injuries giving rise to all the expenses did not occur as a result of the September 15, 1980 injury. Thus, *Martin* is not controlling here.

It is immaterial whether appellant's version of the facts is believable, or whether this court would have decided this case differently; the reviewing court cannot substitute its own judgment for that of the Commission. *Jones*, 801 S.W.2d at 488. Appellant herself testified she had been in an automobile accident since the date of her injury, and the Commission could certainly have linked that accident to appel-

---

1. *Thrombophlebitis* is the swelling of a small blood vessel's wall, which results in caking of clotted blood on the interior of the vessel. This can be very painful at times, and has a tendency to spread slowly throughout the area affected.

lant's present condition. This one fact alone is sufficient to affirm the ruling of the Commission; however, the Commission also specifically noted its doubts about the necessity of appellant's treatments in the final order dated October 24, 1991.

Viewing the record as a whole, we find appellant has not met her burden to prove the ruling of the Commission was against the overwhelming weight of the evidence. *Carron*, 800 S.W.2d at 67. Point denied.

The judgment of the Commission is hereby affirmed in all respects.

REINHARD, P.J., and CRANE, J., concur.

