Kenneth JOHNSON, Appellant,

v.

CITY OF KIRKSVILLE, Respondent.

No. WD 46948.

Missouri Court of Appeals,
Western District.

May 11, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 29, 1993.

Brenda Wall–Swedberg, Kirksville, for appellant.

Brian J. Fowler, Kansas City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

FENNER, Presiding Judge.

Kenneth Johnson, an employee for the City of Kirksville, Missouri, appeals the Final Award of the Labor and Industrial Relations Commission of the State of Missouri (Commission) reversing the Administrative Law Judge's (ALJ) decision to allow compensation for Johnson's back injuries.

The record reflects that the first alleged injury occurred on November 9, 1990 when Johnson was operating a motorgrader for his employer, the City of Kirksville. Johnson claims that he hit a bump in the road that knocked him out of his seat, injuring his lower back.

The second alleged injury occurred on December 7, 1990. Johnson claims he was injured when cutting trees for the City of Kirksville while standing in a "cherrypicker," or a plastic bucket attached to a boom on a truck. According to Johnson, the cherrypicker dropped suddenly, while it was being lowered, and the boom hit the truck causing Johnson's legs to buckle, further aggravating his back injury.[1] Johnson's last day of work was on December 10, 1990.

The ALJ issued its findings of fact and rulings of law on October 11, 1991. It found from the evidence that Johnson did sustain an accident on November 9, 1990 and on December 7, 1990, which arose out of and in the course of his employment with the City of Kirksville. The ALJ further found that Johnson's back problems were causally connected to the two accidents. Finally, it found that as a result of the two accidents Johnson is temporarily and totally disabled as of December 10, 1990. The ALJ awarded Johnson compensation for his injuries.

On October 29, 1991, the City of Kirksville filed an application for review with the Commission alleging error in the ALJ's findings. The Commission, after reviewing the ALJ's findings, issued a Final Award Denying Compensation on September 17, 1992, thus reversing the award of the ALJ. In its Final Award, the Commission stated, in part, "[h]aving determined the claimant's testimony not to be credible, we find his injuries did not arise out of and in the course of his employment on November 9, 1990 or December 7, 1990 and all compensation is denied."

In his sole point on appeal, Johnson argues that the Commission erred in entering its Final Award Denying Compensation because it was not supported by substantial evidence and was clearly contrary to the overwhelming weight of the evidence in that: (a) no witness testified that they observed Johnson being injured in any activity that was not work related; (b) there was ample evidence documenting Johnson's work related injuries and two witnesses to those injuries; (c) the Commission erroneously found Johnson's testimony not to be credible; and (d) questions on the compensability of a claim must be resolved in favor of the injured employee.

Section 287.495, RSMo 1986, sets forth the grounds for setting aside a final award of the Commission as follows: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in

---

**1.** In addition to these two alleged incidents, Johnson apparently had a previous work-related back injury in 1983 for which he asserted a workers' compensation claim. In 1987, Johnson had another non-work related back injury. Johnson underwent surgery for both of these injuries.

the record to warrant the making of the award. Johnson's argument on appeal centers around the fourth ground for setting aside the Commission's final award.

The Commission is charged not only with reviewing the record but, when appropriate, determining the credibility of witnesses and the weight to be given their testimony, resolving any conflicts in the evidence, and reaching its own conclusions independently of the ALJ's findings. *Jones v. Jefferson City School Dist.*, 801 S.W.2d 486, 489 (Mo.App.1990). After the Commission has determined an award in a workers' compensation case, this court will review the Commission's award and not the findings of the ALJ. *Id.* The Commission's final award may be set aside only if there is no substantial evidence to support it or if it is clearly contrary to the overwhelming weight of the evidence. *Id.* at 488.

This court must view the evidence and legitimate inferences therefrom in the light most favorable to the Commission's award. *Id.* at 488. We will not substitute our judgment on issues of fact for that of the Commission even if we would have made a different initial conclusion. *Lawson v. Emerson Elec. Co.*, 833 S.W.2d 467, 471 (Mo.App.1992). The Commission is the sole judge of witness credibility and the weight and value of the evidence. *Id.* at 470–71.

The claimant has the burden of proving all the essential elements of the claim and must establish a causal connection between the accident and the injury. *Fischer v. Archdiocese of St. Louis*, 793 S.W.2d 195, 198 (Mo.App.1990) (citations omitted). In other words, the claimant must prove that his injuries arose out of and in the course of his employment. In a workers' compensation proceeding, all doubts should be resolved in favor of the employee and in favor of coverage, but a claim will not be validated where some essential element is lacking. *Gudde v. Heiman Grain, Inc.*, 830 S.W.2d 574, 576 (Mo. App.1992).

Viewed in the light most favorable to the Commission's award, the evidence includes the following: As stated above, Johnson claims that he injured his back while working for the City of Kirksville in November and December of 1990. Johnson's testimony reveals that he cannot remember any dates and that his recollection of details is vague at best. However, Johnson seems to have been able to remember who was around at the time of the two alleged incidents.

The injuries were alleged to have occurred on November 9, 1990, a Friday, and December 7, 1990. According to Johnson's testimony, he went on vacation after the November 1990 injury. However, his employer's work orders show that Johnson worked on November 13, 14, 15, and 16 of 1990. Furthermore, Johnson admitted that he failed to report this alleged injury until after he went on vacation.

Johnson entered Grim Smith Hospital on November 25, 1990, while on vacation. Johnson had been at his son's farm just prior to entering the hospital. The hospital records indicate that Johnson had pain for approximately one week before coming to the hospital. The hospital admission report, dated November 25, 1990, states as the reason for admission, "Past Monday bent over to pick up bale of hay—immed pain & spasms...."

Dr. J.R. Sparks, Johnson's treating physician at Grim Smith Hospital, while stating that he believed Johnson's injuries to be caused by work-related activities, also stated that his opinions on causation are based solely upon the history provided by the patient. Dr. Sparks, in other words, based his opinion on what Johnson told him. He further stated that any lifting procedure could reflect problems in the back.

Johnson's attendance record for November 1990 shows that, while he worked through November 16th, he was on vacation after that through the Thanksgiving holiday. On November 26th and 27th, the attendance record shows that he was on sick leave. Testimony by Ida Lambert, public works secretary for the City of Kirksville, revealed that by November 28th, Johnson was running out of sick leave so he took four hours of sick leave

and a half day's vacation time. Johnson returned to work on December 6th and was allegedly injured on December 7th, but worked a full day. On December 10th, his last day of work, he worked seven hours and took one hour sick leave. Ms. Lambert had no knowledge of any work-related injuries during this time period. Furthermore, Patricia Meredith, human resources director for the City of Kirksville, had no knowledge that Johnson had sustained any work-related injuries during November or December of 1990, despite having spoken with him about his benefits during this period.

As to the alleged December 1990 injury, Harold Bunch, the equipment operator who was in the tree truck with Johnson on December 7th, testified that the cherrypickers that they were in dropped about a foot and a half. Bunch stated that Johnson did not mention anything to him about this incident and, even when asked about it, Johnson said that the drop did not bother him.

█ Reviewing the Commission's determination with the foregoing parameters in mind and having examined the record before us, we conclude that there was sufficient competent evidence from which the Commission could have found that Johnson's injuries were not work-related. We further note that the City of Kirksville does not have the burden of proving that Johnson's injuries were incurred in a non-work related activity; rather, it is the claimant's responsibility to prove that the injury was work-related, an essential element of his claim. Having failed to prove an essential element, Johnson's claim will not be validated. Finally, the Commission, as the sole judge of witness credibility, was free to find Johnson's testimony not to be credible. Thus, we must uphold the Commission's Final Award Denying Compensation.

Judgment affirmed.

All concur.