James **MOOREHEAD**,
Claimant/Respondent,

v.

**LISMARK DISTRIBUTING CO.**
and Travelers Indemnity Co.,
Employer–Insurer/Appellants,

and

**Treasurer of Missouri as Custodian of Second Injury Fund, Additional Party/Respondent.**

No. 65397.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 4, 1994.

Robert T. Hart, Kortenhof & Ely, St. Louis, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Douglas E. Nelson, Maria W. Campbell, Asst. Attys. Gen., Jefferson City, for respondent.

James J. Seivers, Clayton, for claimant.

KAROHL, Judge.

The Labor and Industrial Relations Commission (Commission) awarded James Moorehead, (employee) an employee of Lismark Distributing Company, (employer) permanent and total disability benefits from his employer after a back injury sustained on August 23, 1991. The award denied any liability on Moorehead's claim against Treasurer of Missouri as custodian of the Second Injury Fund. Employer and Traveler's Indemnity Company appeal the award arguing there was no evidence to support a finding the subject accident was the sole cause of permanent and total disability. Moorehead argues in the alternative that the award is supported by evidence and, if not, the Second Injury Fund is liable for permanent and total disability benefits resulting from that disability caused by a combination of previous industrial disabilities and the present accident. The Second Injury Fund supports Employee's position and argues the evidence did not support a finding of pre-existing industrial disability. We reverse the award of permanent and total disability against Employer and remand for reconsideration of the claim for compensation for permanent partial disability against Employer and permanent total disability against the Second Injury Fund.

Employee began working as a truck driver, delivery man, and warehouseman for Lismark Distributing Company on July 10, 1978. His job required heavy lifting of beer in 300 to 600 case lots weighing between 50 to 100 pounds each. On August 23, 1991, on route to a delivery site, employee sustained a back and neck injury when he slipped and fell on concrete while unloading his truck. Immediately after his fall, he called employer to request to see a doctor. However, employer instructed him to finish his deliveries.

As the pain in his back, neck, and legs got progressively worse, he was forced to go to the hospital. Employer did not provide medical treatment until approximately four days after the accident. Employee now suffers intense pain and has difficulty moving his back and neck.

At the time of the hearing, employee was 55 years old. He testified he completed the eighth grade, but never obtained a G.E.D. degree or high school equivalency degree. The evidence indicates employee had an IQ of 78, which qualifies as borderline mentally retarded.

Employee has a history of high blood pressure which has not prevented him from employment. He testified to missing approximately five days of work per year due to hypertension. In 1988, employee reported he slipped and fell while working. As a result, he took two months off work for a back injury and then another four months due to a strike at the company. He received a $5,000 workers' compensation award for permanent partial disability from the 1988 injury. Soon after he returned to work after that injury, he re-injured his back when he slipped on some oil at work.

Dr. David Volarich, employee's medical expert, opined employee was unable to compete in the open market and was totally and permanently disabled. He found employee had 15% permanent partial disability due to back injuries sustained prior to August 23, 1991 and rated employee at 25% permanent partially disabled caused by the August 23, 1991 accident. He testified to other previous disabilities such as: 15% permanent partial disability due to head and neck pain; 20% permanent partial disability of the cardiovascular system due to hypertension; disability due to contusions to feet; 15% permanent partial disability of musculoskeletal system due to degenerative arthritis of the wrists, hands, knees, ankles, and feet. He concluded employee was totally and permanently disabled due to the combination of the prior impairments and his current injury.

Mr. James England, a rehabilitation counselor, testified for the employee. He expressed the opinion that employee would not be able to compete in the open market because of borderline mental retardation, thus he would not qualify for clerical jobs. He would also have problems with jobs that required him to stand, bend or sit for long periods due to his back injury.

Dr. Kurt Merkel, an orthopedic surgeon, testified for employer. He found employee's back problems indicated pre-existing degenerative arthritis and spinal stenosis (reduction of the spinal canal) causing tenderness and restricted motion in the low back. After extensive therapy, he concluded employee may return to work with restricted lifting.

Dr. Wayne Stilling, a psychiatrist, testified for the Second Injury Fund. He maintained employee had no psychiatric disorder and was malingering his mental disabilities. He concluded employee was capable of employment based on an examination of his medical records and educational tests.

The administrative law judge (ALJ) awarded employee 25% permanent partial disability attributed to the employer. He determined the Second Injury Fund was liable for permanent total disability benefits. He found pre-existing conditions to be industrial disabilities, specifically high blood pressure which caused loss of two jobs and "preexisting industrial disability due to extensive arthritis" (adopting opinion of Dr. Volarich). A divided Commission modified the award, finding the employee was permanently and totally disabled solely as a result of the work-related accident on August 23, 1991. The dissenting Commissioner found employee had pre-existing industrial disabilities. He found Dr. Volarich to be the most credible expert in the case.

■■■■ Our review is limited to the findings of the Commission, not those of the ALJ. *Young v. Handy Andy,* 831 S.W.2d 947, 948 (Mo.App.E.D.1992). We must affirm the Commission's decision if supported by substantial evidence, and if not contrary to the overwhelming weight of the evidence. *Crum v. Sachs Electric,* 769 S.W.2d 131, 132 (Mo.App.1989). We examine the whole record in the light most favorable to the Commission. *Id.* at 133.

■■■■ On its first point, employer maintains the Commission's findings that employee was permanently and totally disabled as a result of the August 23, 1991 accident is not supported by competent and substantial evidence. Employer and employee do not now dispute the existence of evidence to support a finding of the ALJ and the Commission that employee is permanently and totally disabled. The contest is causation of that condition. However, the Second Injury Fund claims there is no evidence to support a finding of permanent and total disability. It suggests that is employer's position. That is not employer's position. Employer argues

only that it is not liable for more than permanent partial disability.

According to the Commission's Final Award:

The [employee] is permanently and totally disabled solely as a result of the work accident the [employee] suffered in 1991, and not because of some combination of factors.

Employee agreed at oral argument that no expert witness who testified at the hearing maintained employee suffered permanent and total disability solely due to the August 23, 1991 accident. Dr. Volarich opined employee suffered from a combination of impairments, such as hypertension, arthritis, and previous back problems together with the new back injury. These injuries in conjunction with the August 23, 1991, neck and back injury caused him to be totally and permanently disabled. Mr. England maintained employee could no longer compete in the open labor market because of his existing mental and his physical limitations. Thus, there is no evidence to support a finding the August 23, 1991 accident alone caused employee to be permanently and totally disabled. Therefore, the award of permanent and total disability against Lismark Distributing Company is reversed. The award must be reconsidered by the Commission.

What remains are the issues involved in whether employer's second point, particularly whether employee's pre-existing conditions were industrially disabling as found by the ALJ. No one contests employee had pre-existing disabilities. Only the mental status was contested. However, an "industrial disability" requires consideration of whether the pre-existing condition[s] caused "claimant to miss considerable amount of work; made claimant's work dangerous; prevented claimant from performing his previous duties; or resulted in claimant working less or only working part-time." *Shipp v. National Vendors,* 862 S.W.2d 344, 346 (Mo.App.E.D.1993). *Shipp* was originally decided by this court on April 20, 1993, one month before the ALJ ruled in this case.

Here, employee had four mental and physical pre-existing disabilities: a previous back injury, high blood pressure, chronic arthritis, and mental limitations. The ALJ found these to be industrially disabling. The Commission concluded these disabilities were not "industrially disabling", when it found employee totally disabled from the present accident.

On remand the Commission may reconsider the entire award in light of this decision. We express no opinion on the issues beyond the holding that the evidence does not support an award of permanent and total disability against employer Lismark. Credibility of witness and weight of the evidence remains with the Commission. It may believe or disbelieve the testimony of any witness, even if contradictory or impeaching evidence appears. *Carroll v. Loy–Lange Box Co.,* 829 S.W.2d 86, 88 (Mo.App.1992). Our role is to review the Commission's finding and award to determine if that award is supported by the evidence. Accordingly, we remand for entry of a new award.

The award against employer Lismark Distributing Company of permanent total disability and in favor of the Second Injury Fund is reversed. This cause is remanded to the Labor and Industrial Relations Commission.

AHRENS, P.J., and SIMON, J., concur.