**Robert L. PADDOCK,**
**Employee-Appellant,**

v.

**CHRYSLER CORPORATION,**
**Employer-Respondent.**

**No. 41891.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 8, 1980.

Lawrence O. Willbrand, St. Louis, for employee-appellant.

James B. Kennedy, Evans & Dixon, St. Louis, for employer-respondent.

CRIST, Judge.

Claimant was denied compensation and medical expenses by the Labor and Industrial Relations Commission. The circuit court affirmed the decision of the Commis-

sion. We affirm the circuit court's judgment.

On December 8, 1973, claimant sustained an accidental, work-related injury while in the employ of Chrysler Corporation, St. Louis County, Missouri. He was hit by a moving electric drill which tore his clothing and struck him in the area of the right groin. Claimant testified that as he was struck by the drill, he was twisted and his upper stomach hit the handle of the drill. He further testified that when he tried to pull away, he experienced a wrenching sensation which hurt his back and diaphragm. He did not seek compensation or medical expenses for the groin injury and, thus, resolution of this case involves only a determination of whether he was entitled to compensation or medical expenses for a chronic back condition and a hiatus hernia allegedly caused by this incident.

■ Our review of a workmen's compensation case is guided by certain, if general, precepts. We must, of course, view the record in a light most favorable to the findings and award of the Commission, whose award is conclusive and must be upheld if supported by competent and substantial evidence. We may not indulge in speculation and thereby substitute our judgment for that of the Commission. *Berardino v. General Molding, Inc., P. D.*, 586 S.W.2d 365, 366 (Mo.App.1979). We must defer to the Commission's findings as regards discrepancies in the evidence or the weight and credibility the Commission attached to the testimony of any particular witness. *Ferguson v. Hood*, 541 S.W.2d 19, 22 (Mo.App.1976). The testimony of any medical witness should be appraised and weighed in its entirety. *Vogel v. Hall Implement Co.*, 551 S.W.2d 922, 927 (Mo.App. 1977).

Our role in the appeal process is necessarily relegated to a determination of whether the Commission's award, or denial thereof, is supported by competent and substantial evidence. A quick perusal of the evidence as it related to one, the alleged back injury and, two, the hiatus hernia, is appropriate.

■ Claimant had a lengthy history of both physical and emotional disturbances. In 1970, he sustained a back injury by falling down some stairs and later initiated legal proceedings to collect against the owner of the property where he fell. In 1971, he was hospitalized for an ulcer and emotional illness. Without listing all of the ailments for which claimant was treated, suffice it to say the record is replete with evidence of various abdominal and back disorders extending from as far back as 1969, four years prior to the injury which is the subject of this action. Between 1970 and 1973, claimant lost some ten months of work time due to various back complaints.

On December 8, 1973, claimant sustained a compensable injury to his groin, but made no effort to complain to the company nurse (or later, the hospital) about his back or hernia. The hospital records do not admit of any connection between the hernia and this accident. There was evidence, including medical testimony, that his hernia was pre-existing and not attributable to the accident of December 8, 1973. There is little evidence to indicate that a tear of the diaphragm occurred when he made contact with the moving drill.

When claimant's entire medical history was hypothesized, neither of his doctors were able to state with a reasonable degree of medical certainty that his back condition was a result of the December 8, 1973, injury, as opposed to the injuries and disabilities which he incurred prior to this date. Other medical evidence suggested that claimant's present infirmities were more apt to have been caused by those problems which predated the 1973 accident. In summation, it appears that in spite of the fact claimant made a submissible case, the Commission could, and did, believe his injury of December 8, 1973, was not the cause of the problems for which he now seeks redress.

We have examined the record under the proper standard of review (See *Petersen v. Central Pattern Co.*, 562 S.W.2d 153 (Mo. App.1978)), and conclude that the Commission's decision to deny benefits to claimant

is supported by competent and substantial evidence.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.