John **RICHARDSON,**
**Appellant–Employee,**

v.

**FALCON PRODUCTS, INC.**
**Respondents–Employer,**

and

**Wausau Insurance Co., Insurer.**

**No. 52895.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1987.

Marc P. Weinberg, St. Louis, for appellant-employee.

Bernard P. Ploch, St. Louis, for respondents-employer.

GARY M. GAERTNER, Presiding Judge.

The employee (Richardson) appeals from an award by the Missouri Labor and Industrial Relations Commission (Commission) in favor of Richardson and against employer (Falcon Products, Inc.) and its insurance carrier (Wausau Insurance Co.). The Commission upheld a decision by the Administrative Law Judge (ALJ), who had awarded Richardson ten percent permanent partial disability. Richardson raises two points on appeal. He alleges there was insufficient competent evidence in the record to support the Commission's award. Richardson also argues the Commission was biased and prejudiced against him.

The evidence reveals that on October 6, 1983, Richardson was employed by Falcon Products, Inc., and that on that date he sustained an injury in the course of his employment. Richardson was placing a roll of plastic on a shelf when he experienced pain in his back. The sole issue was the nature and extent of his disability.

At the hearing before the ALJ, Richardson relied on the deposition of Dr. Simowitz. Dr. Simowitz, a neurologist, examined Richardson on October 10, 1984. He expressed the opinion that Richardson had herniated discs at two separate disc levels, having viewed the results of a CAT scan performed on Richardson. He stated that there was room for disagreement as to the interpretation to be given the CAT scan. Dr. Simowitz determined that there was no evidence of a nerve root problem at the two disc levels; any objective signs that Dr. Simowitz found were only consistent with back muscle irritation. However, he stated that the symptoms of which Richardson complained were consistent with a nerve root irritation. Dr. Simowitz concluded by rating Richardson's disability at fifty-five percent.

Falcon Products, Inc. presented the deposition of Dr. Mishkin, an orthopedic surgeon. Dr. Mishkin first examined Richardson on November 30, 1983, and proceeded to see him during a succession of appointments throughout the following year. Dr. Mishkin's ultimate finding was that Richardson had incurred no disability whatsoever. He stated that Richardson had "no objective evidence of musculoskeletal disability injury or trauma to correlate with his prolonged and chronic complaints of pain." His opinion was that the CAT scan showed that Richardson had bulging, as opposed to ruptured, discs. As well, Dr. Mishkin said that a bulging disc was a condition commonly found in a man of Richardson's age without trauma being involved. He stated further that there was no evidence of a nerve root problem.

Richardson also testified, stating that he was not in any pain at that time but that he feels pain "on and off" of no set duration. At the hearing, Richardson wore a girdle which was not prescribed by a treating physician. Richardson testified that he had changed residences in the month prior to the hearing and that he had paid a company $60 or $70 to move the belongings of his family of four. However, he was unable to recall the name of the moving company. He stated that he did not participate in any of the moving himself.

■ The ALJ concluded that Richardson sustained permanent partial disability of ten percent. The Commission then adopted and affirmed the ruling. On appeal, we review the Commission's decision and not that of the ALJ. *Long v. Hannibal,* 670 S.W.2d 567, 570 (Mo.App., E.D.1984). Further, we will only reverse the Commission's judgment if its award is against the overwhelming weight of the evidence. *Id.* The Commission's decision will be upheld where it is determined, after a review of the whole record and considering the evidence in the light most favorable to the award, that the award is supported by substantial and competent evidence. *Olivio v. TLI, Inc.,* 731 S.W.2d 395, 397 (Mo.App., E.D. 1987).

■ In his first point, Richardson maintains that there was insufficient competent evidence in the record to warrant the making of the Commission's award. We disagree. Considering Dr. Mishkin's findings as to the absence of any objective evidence of musculoskeletal disability, injury or trauma, his opinion that the CAT scan

did not reveal herniated discs, and Dr. Simowitz's acknowledgment that the results of Richardson's CAT scan were open to conflicting interpretations, the Commission did not exceed its authority in adopting and affirming the decision of the ALJ. For, the Commission is charged with passing on the credibility of the witnesses despite the fact that it neither sees nor hears them. *French v. Ford Motor Co.*, 720 S.W.2d 24, 26 (Mo.App., E.D.1986). We must defer to the Commission's determinations with respect to discrepancies in the evidence or the weight and credibility to be accorded the testimony of any particular witness. *Paddock v. Chrysler Corp.*, 599 S.W.2d 33, 34 (Mo.App., E.D.1980). The Commission is entitled to disbelieve the testimony of a witness even if no contradictory or impeaching evidence is introduced. *Blissenbach v. General Motors Assembly Division*, 650 S.W.2d 8, 11 (Mo.App., E.D.1983).

■ Even though Dr. Mishkin expressed the opinion that Richardson had incurred no disability whatsoever and Dr. Simowitz asserted that Richardson was suffering from a fifty-five percent disability, it was appropriate for the Commission to assess Richardson's disability at ten percent. The Commission is not bound by the percentage estimates of the medical experts. *Wiedower v. ACF Industries, Inc.*, 657 S.W.2d 71, 74 (Mo.App., E.D.1983). This point is denied.

■ In his second point, Richardson claims that the Commission, in adopting the findings of the ALJ, was biased and prejudiced against him. He alleges that the Commission fabricated testimony and mischaracterized evidence. Initially, we note that our review is of the Commission's decisions. The findings made by the ALJ do not bind the Commission. *Tillman v. Wedge Mobile Service Station*, 565 S.W.2d 653, 658 (Mo.App., E.D.1978). Nonetheless, a review of the findings of the ALJ makes it clear that Richardson's allegations of bias and prejudice are totally without factual support. Thus, the Commission could not itself have been biased or prejudiced against Richardson when it adopted the ALJ's report. *See French v. Ford Motor Co.*, 720 S.W.2d 24 (Mo.App., E.D. 1986). This point is denied.

Having carefully received the record, we find that the Commission's decision was supported by competent and substantial evidence. Affirmed.

REINHARD and CRIST, JJ., concur.