**Terry TEASLEY, Appellant,**

v.

**S & H PARKING, Respondent.**

**No. 54856.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 20, 1988.

Application to Transfer
Denied Feb. 14, 1989.

Edward L. Dowd, Dowd & Dowd, St. Louis, for appellant.

Robert E. Bidstrup, Evans & Dixon, St. Louis, for respondent.

CRIST, Judge.

Terry Teasley (employee) appeals the final award of the Labor and Industrial Relations Commission denying his claim for Workers' Compensation. We affirm.

Employee hurt his back. The issue is whether he was hurt on the job. Employee works for a parking service. He testified he was hurt on the job while helping to push a parked car blocking a lane. He testified he went to the hospital the next day, and that he didn't work again after this incident.

Employer presented evidence contradictory to employee's relating to the timing of many crucial events. Among these, it was shown employee did not seek medical attention until several days after the car pushing incident, and employee worked after the incident up to the date he sought medical treatment for his back. Employee then attempted to change his own testimony when faced by this contradictory evidence.

The administrative law judge believed employee was hurt on the job and awarded him compensation. On review, the Labor and Industrial Relations Commission found employee's account of the events incredible, and found for employer and its insurer.

Employee asserts the Commission's judgment was against the weight of the evidence. Section 287.495, RSMo 1986 provides in part:

> Upon appeal ..., the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: ...

> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

We are bound by the Commission's findings with respect to conflicts in the evidence and the weight and credibility of witnesses on the record. *Richardson v. Falcon Products, Inc.*, 739 S.W.2d 596, 598[2] (Mo.App.1987).

The whole record reveals employee's testimony changed when contradicted by the testimony and evidence introduced by employer. Because many of these contradictions, both within employee's own testimony and between it and employer's evidence, related to the timing of events crucial to

determining when employee was injured, the Commission's finding that employee failed to meet his burden of proving he was hurt on the job was based on sufficient evidence.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.