**Roger DeCLUE, Claimant–Appellant,**

v.

**CONTINENTAL RESEARCH, Employer–Respondent,**

**and**

**Insurance Company of North America, Insurer–Respondent.**

**No. 61489.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 27, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 3, 1992.

Application to Transfer Denied Jan. 26, 1993.

Harry J. Nichols, St. Louis, for claimant–appellant.

Kortenhof & Ely, P.C., W.J. Glaser, St. Louis, for employer-respondent.

MEMORANDUM OPINION

PER CURIAM.

Claimant, Roger DeClue (DeClue), appeals from a final award of the Labor and Industrial Relations Commission (Commission) denying him compensation on his worker's compensation claim against Continental Research, Inc. (employer) and Insurance Company of North America (insurer). We affirm.

DeClue, a diabetic, claimed he was injured on the job when his feet came in contact with chemicals which had spilled on the floor of the employer's warehouse. DeClue claimed he was cleaning up the spill at the time of the accident, and that this contact with the chemicals aggravated his diabetic condition, ultimately necessitating the amputation of his right foot. There was evidence adduced at the hearing which, if believed, would support a conclusion that DeClue suffered a compensable injury from an accident arising out of and in the course of his employment. § 287.120, RSMo (1986); *Tralle v. Chevrolet Motor Co.,* 230 Mo.App. 535, 92 S.W.2d 966, 971–973 (1936) (death resulting from aggravation of diabetic condition caused by truck

accident arising in the course of employment found compensable).

On the other hand, there was evidence adduced that, in fact, DeClue's feet did not come in contact with the chemical and that the condition of his feet was caused solely by deterioration of his preexisting diabetic condition. The administrative law judge held that there was no accident arising out of and in the course of claimant's employment medically causing the injury. He found that "claimant's ulcers on his feet were not due to any chemical getting on his feet at work as claimed herein ... [and] that the ulcers were diabetic ulcers caused by conditions related to his diabetes mellitus and not his employment." That decision was affirmed by the Commission.

This case involved contested factual issues which were resolved by the fact finder in favor of the employer/insurer. On appeal, we defer to the Commission's factual determination and resolution of conflicting evidence. *Teasley v. S & H Parking*, 763 S.W.2d 180 (Mo.App.1988). Furthermore, the Commission is the sole judge of the credibility of the witnesses, and we are not free to substitute our view of the facts for that of the Commission as long as the Commission's findings are supported by competent and substantial evidence. *Gee v. Bell Pest Control*, 795 S.W.2d 532, 535 (Mo.App.1990).

The final award of the Commission is supported by competent and substantial evidence on the whole record; no error of law appears. An extended opinion would have no precedential value. The final award of the Commission is affirmed. Rule 84.16(b).