Richard EMERT, Appellant,

v.

FORD MOTOR COMPANY, Respondent.

No. 63152.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 28, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 4, 1993.

Jeffrey P. Gault, Clayton, for appellant.

Richard J. Fitzgerald, Brian A. Huffman, St. Louis, for respondent.

CRIST, Judge.

Employee, Richard Emert, sought workers' compensation benefits for an accident which occurred at his place of employment, Ford Motor Company (Employer). The Division of Workers' Compensation found Employee had sustained an accident which arose out of and in the course of his employment. It awarded Employee $24,167.80 for a permanent partial disability of 40 percent. However, it refused to award the majority of Employee's past medical expenses, finding they were unauthorized expenses. On appeal, the Labor and Industrial Relations Commission (Commission) affirmed the award.

On April 1, 1986, Employee was sitting at a picnic table at the Ford Motor Company waiting for the line to start up again. As a hi-lo driver was getting a box of steel from the rack behind Employee, the box fell onto Employee's head and shoulders. Employee was taken to the plant hospital and treated by Dr. Lance Gerowin. Dr. Gerowin treated Employee with physical therapy. When Employee's headaches and pain did not improve, Dr. Gerowin referred Employee to Dr. Marshall Conrad in March of 1987 for further treatment. Employee was then referred to a neurosurgeon, Dr. Francis Walker, who recommended Employee see Dr. Joseph Hanaway, a neurologist. Employee saw Dr. Hanaway in April of 1987 on one occasion and received a CAT scan. Further treatment suggested by Dr. Hanaway was not followed up. Employee testified he was later informed treatment by Dr. Hanaway was not authorized.

Following this treatment, Employee again saw Dr. Walker in September 1987. Dr. Walker recommended physical therapy. In January 1988, Employee was placed on medical leave. At this time, Employee began seeing Dr. Earl Gonyaw. Dr. Gonyaw operated on Employee's neck in February 1988. Later, in September of 1988, Dr. Gonyaw operated on Employee's back.

On appeal, Employee first asserts the Commission erred in merely stating "past due compensation shall bear interest as provided by law" because such statement is indefinite. Employee argues this statement is capable of two possible interpretations: (1) interest as calculated pursuant to § 287.-160.2, RSMo 1986 (repealed); or (2) interest calculated pursuant to § 287.160.3, RSMo Supp.1992, enacted in 1990. The 1990 amendment to § 287.160 directed "no interest shall be payable until after thirty days after the award of the administrative law judge." Prior to that amendment, interest was paid from the date of the injury. *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105, 112[8] (Mo. banc 1989).

■ This court has held the 1990 amendments to § 287.160 are to be applied retroactively. *Croffoot v. Max German, Inc.*, 857 S.W.2d 435, 436 (Mo.App.1993). There-

fore, even though Employee's injury occurred in 1986, prior to the 1990 amendment, only one interpretation of the Commission's language is possible. Point denied.

In Point II, Employee argues the Commission erred in denying payment of past medical bills of $5,708 for medical procedures performed by Dr. Gonyaw as unauthorized.

■ In reviewing the Commission's decision, we must examine the whole record in the light most favorable to the decision, deferring to the Commission on issues concerning credibility and weight to be given conflicting evidence. *Cole v. Town & Country Exteriors*, 837 S.W.2d 580, 583[1] (Mo.App. 1992). Further, our review is limited to the following grounds:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of an award.

§ 287.495.1, RSMo Supp.1992.

The Commission found all treatment by Dr. Gonyaw was unauthorized because it "was received after the employee was informed by letter ... that any further treatment, if requested, would be given only by the authorized treating physicians." The letter to Employee's attorney, dated January 11, 1988, stated:

Also, please be advised that Dr. Gerowin and Dr. Francis Walker, are the employer's authorized treating physicians and that should your client seek medical treatment from anyone else, it will be at his own cost and he will be responsible for the results of that treatment.

■ Employee relies upon his testimony at the hearing to support his argument the expenses were authorized. Employee testified that in January 1988 he was placed on permanent medical leave. He further testified Dr. Gerowin told him at that time, "if there was (sic) any problems that they were permanent and [Employee] should see [his]

own physician." Employee then contacted his personal physician, who referred him to Dr. Gonyaw. Dr. Gonyaw performed a cervical myelogram, which revealed an impingement on the nerve roots and degenerative disk disease. Dr. Gonyaw operated on Employee's neck in February 1988.

Employee further testified he returned to work in August 1988 but went to see Dr. Gerowin when he continued to have problems. Employee testified Dr. Gerowin again told him to consult his own physician. Employee returned to Dr. Gonyaw, who did another myelogram and performed surgery on Employee's lower back in September 1988. Dr. Gerowin did not testify at the hearing, nor were his medical records admitted into evidence.

Employer argues the Commission could correctly have disregarded the above testimony of Employee. Further, Employer points out the Commission passes upon the credibility of witnesses and may disbelieve a witness even if no contradictory evidence appears in the record. *See, Webber v. Chrysler Corp.*, 826 S.W.2d 51, 54[3] (Mo.App.1992).

However, Employer ignores the finding of the Commission "that after the treatment of Doctors Conrad and Walker, together with a visit with Dr. Hanaway were completed, *the employer and insurer offered no other medical treatment* but made final recommendations for disability purposes." (emphasis added). In making that finding, the Commission relied upon Employee's testimony, thus finding it to be credible. It was only after Dr. Gerowin's refusal to treat Employee and his advice Employee seek his own physician that Employee began seeing Dr. Gonyaw. *See, Mashburn v. Chevrolet–Kansas City Div., G.M. Corp.*, 397 S.W.2d 23, 31[11, 12] (Mo.App.1965).

In addition, Employee was in need of further medical treatment. Dr. Hanaway, a doctor specifically recommended by Employer's chosen physician Dr. Walker, recommended further treatment and/or diagnostic studies. While Employer has the right to name the treating physician, he or she may waive that right by failing or neglecting to provide necessary medical aid. *See, Hawkins v. Emerson Elec. Co.*, 676 S.W.2d 872,

879[6] (Mo.App.1984); *Hendricks v. Motor Freight Corp.*, 570 S.W.2d 702, 709–10[10] (Mo.App.1978); *Birschkus v. Krey Packing Co.*, 464 S.W.2d 545, 546–47 (Mo.App.1971); *Wilson v. Emery Bird Thayer Company*, 403 S.W.2d 953, 957–58[4] (Mo.App.1966). Employer failed to provide the necessary medical aid. Therefore, even without the comments of Dr. Gerowin, Employee was justified in seeking out his own physician at Employer's expense.

We find the Commission erred in that the facts found by the Commission do not support the Commission's denial of Employee's reasonable medical expenses. We reverse that portion of the Commission's decision which denied Employee's past medical expenses incurred with Dr. Gonyaw in the amount of $5,708 and order Employer pay that amount. The judgment is affirmed in all other respects.

CRANDALL, P.J., and REINHARD, J., concur.