Dennis **MILLER**, Respondent,

v.

**G.O. WEFELMEYER**, and **Wausau Insurance Co.**, Appellants.

No. 65309.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 27, 1994.

Mark Randall Rudoff, St. Louis, for appellants.

Robert H. Sihnhold, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellants, G.O. Wefelmeyer and Wausau Insurance Co. ("employer-insurer"), appeal

from the award of the Labor and Industrial Relations Commission ("the Commission") granting respondent, Dennis Miller ("employee"), 154 weeks of compensation for complete loss of use of his right eye. We affirm.

On January 6, 1982, employee sustained an injury arising out of and in the course of his employment when a sliver of metal became imbedded in his right eye. Employee was treated on that date by Dr. David Brigham, who surgically removed the foreign object from the cornea of employee's eye.

Dr. Brigham subsequently examined and treated employee several times. On March 26, 1982, Dr. Brigham referred employee to Dr. Jay Fleischman for his opinion as to the existence of residual foreign matter in employee's eye. Dr. Fleischman found no residual matter, but diagnosed employee with bilateral pars planitis.[1]

This diagnosis was confirmed by Dr. Brigham. Dr. Brigham testified in an August 29, 1986 deposition that his examinations of employee prior to Dr. Fleischman's diagnosis did not reveal evidence of pars planitis; however, he believed it likely that the condition preexisted employee's accident, albeit at a very low level or dormant state. In his subsequent examinations of employee, Dr. Brigham noted continuing deterioration in employee's visual efficiency, to the point that employee experienced total loss of vision in his right eye. Employee's best corrected vision in his right eye was 20/200+, the equivalent of 100% visual efficiency loss or industrial blindness.

On April 7, 1982, Dr. Howard Lewin examined employee on behalf of employer-insurer. He subsequently examined employee on numerous occasions, and observed the gradual deterioration of employee's sight in his right eye. Dr. Lewin confirmed that employee was suffering from bilateral pars planitis, which he also believed preexisted employee's January 6, 1982, accident.

In March of 1984, Dr. Brigham contacted Dr. Charles L. Schepens, a nationally known expert on retinal injuries, for an opinion. Dr. Schepens' reply, dated April 2, 1984, stated:

My opinion is that it is unlikely that a foreign body which is deeply imbedded in the cornea would cause peripheral uveitis [pars planitis] by itself. However, in a patient who already has peripheral uveitis bilaterally, it is possible that an injury as described may aggravate the case in the eye that is injured.

This diagnosis was based upon Dr. Brigham's description of employee's condition; Dr. Schepens never saw or examined employee himself.

On March 13, 1984, employee entered into a conference rating with employer-insurer for permanent partial disability associated with his right eye. Employee received 31.9% permanent partial disability of the eye, or $4,662.50—the equivalent of 44.66 weeks of compensation. In October of that same year, Dr. Brigham referred employee to the care of Drs. Avins and Krummenacher, who treated employee through 1992.

On May 22, 1985, employee filed a claim for compensation for the injury to his right eye.[2] Employee alleged the January 6, 1982, injury to his right eye aggravated the preexisting bilateral pars planitis condition and caused the loss of sight in that eye. On September 15, 1992, a hearing on employee's compensation claim was held before an administrative law judge ("ALJ").

Employee's evidence consisted of the medical reports of Drs. Brigham, Avins, and Krummenacher, the reply letter of Dr. Schepens, and the August 29, 1986, deposition of Dr. Brigham. The evidence submitted on behalf of employer-insurer consisted of Dr. Lewin's medical reports and his March 5, 1987, deposition.

In his deposition, Dr. Brigham testified to his belief that the pars planitis condition

1. Pars planitis, also known as peripheral uveitis, is an inflammation of the pars plana of the eye, which is the anatomical region posterior to the ciliary body and anterior to the anterior margin of the retina. When bilateral, both eyes are affected.

2. Employee amended his claim on January 22, 1987, adding the Second Injury Fund as a party. The claim against the Second Injury Fund remains open.

existed prior to employee's January 6, 1982, injury, but at a very low grade or dormant level. Dr. Brigham noted that although the pars planitis was bilateral, the condition in the right (injured) eye was much more severe than that in the left (uninjured) eye. Dr. Brigham opined that the metal sliver imbedded in the cornea of employee's right eye on January 6, 1982, aggravated the preexisting subclinical pars planitis condition in that eye, though it did not cause it. Dr. Brigham admitted he based his opinion upon the letter he received from Dr. Schepens (whom he referred to as "one of the deans on description of this disease"), but later testified that he had formulated his opinion prior to his inquiry to Dr. Schepens.

Dr. Lewin testified in his deposition that employee's January 6, 1982, injury neither caused nor aggravated the pars planitis in that eye, and that had the injury never occurred, the pars planitis would have progressed at the same rate. Dr. Lewin assessed the permanent partial disability in employee's right eye attributable solely to the injury as 31.9%—the amount entered into at the March 16, 1984, conference rating—and asserted that this amount represented the entire loss employee was entitled to receive.

On November 4, 1992, the ALJ issued his findings of fact and rulings of law. The ALJ found no evidence that employee's preexisting pars planitis produced any degree of disability until employee's January 6, 1982, injury. The ALJ further found that although the pars planitis affected both eyes, the right (injured) eye deteriorated to a much greater extent than the left eye. The ALJ found employee to be industrially blind in his right eye.

On the basis of these findings, the ALJ ruled that the previously dormant pars planitis was aggravated in the right eye, and that this aggravation was directly and causally related to employee's January 6, 1982, injury. Furthermore, the ALJ ruled that the entire loss of vision in employee's right eye was medically and causally related to the injury. The ALJ asserted that a preexisting but non-disabling condition does not bar recovery of compensation where a work-related accident causes the condition to escalate to the level of a disability.

Pursuant to RSMo § 287.190(1) and (2) (1986), the ALJ awarded employee 100% permanent partial disability of the right eye plus an additional 10% for the complete loss of use of that eye, for total compensation of 154 weeks. The ALJ credited 44.66 weeks already paid under the conference rating against this amount. The ALJ further awarded interest retroactive to January 6, 1982, the date of the injury. Finally, the ALJ found employer-insurer liable for reasonable and necessary future medical care and treatment related to the pars planitis and corneal scarring of the right eye.

On appeal, the Commission affirmed by a 2 to 1 decision, incorporating the ALJ's award by reference. The dissenting member argued that employee failed to prove, by competent medical testimony, the nature and extent of the aggravated pars planitis condition attributable to the January 6, 1982, injury. The dissenting member also claimed the Commission erred in affirming the ALJ's award of interest retroactive to the date of the injury. This appeal followed.

■ Employer and insurer raise three points on appeal. First, they contend the *Commission erred in finding for employee, in* that there was insufficient evidence to establish a medical-causal relationship between employee's January 6, 1982, eye injury and the aggravation of the preexisting pars planitis condition.

■ This Court's review is limited to a determination of whether the Commission's award is supported by competent and substantial evidence, viewing the record as a whole. *Young v. Handy Andy,* 831 S.W.2d 947, 948 (Mo.App.E.D.1992). "We must view all evidence and inferences in the light most favorable to the Commission's award." *Id.* We defer to the Commission's resolution of issues concerning the credibility and weight to be given to conflicting evidence and testimony. *Richardson v. Falcon Products, Inc.,* 739 S.W.2d 596, 598 (Mo.App.E.D.1987). The Commission can disregard testimony of a witness even if *no contradictory or impeaching evidence is introduced. Id.* Deci-

sions concerning the weight to be given expert opinions lie within the Commission's sole discretion and cannot be reviewed by this Court. *Id.*

■ Here, the expert opinions of Drs. Brigham and Schepens served as the basis for the Commission's award. Dr. Brigham testified that employee's preexisting bilateral pars planitis was aggravated by his January 6, 1982, accident and caused the industrial blindness in employee's right eye. Furthermore, Dr. Schepens, a well-known expert on pars planitis, opined that such aggravation was possible in the factual situation present here.[3]

The Commission gave greater weight to the expert opinions of employee's witnesses than to that of employer-insurer's witness, Dr. Lewin. Our deferential standard of review regarding the credibility of witnesses and the weight given to expert opinions prevents us from gainsaying the Commission's decision. The Commission's award was not based on insufficient evidence. Point denied.

■ For their second point, employer-insurer contend the Commission erred in awarding compensation to employee, as employee failed to apportion the percentage of the disability associated with the January 6, 1982, injury and the percentage associated with the preexisting pars planitis condition.

■ "Where two events, one compensable and one not compensable, contribute to alleged disability it is claimant's burden to prove the nature and extent of disability attributed to the job-related injury." *Bersett v. National Super Markets, Inc.,* 808 S.W.2d 34, 36 (Mo.App.E.D.1991). The claimant must offer expert testimony as to the extent of a preexisting disability, in order to determine what percentage of permanent partial disability is attributable to the compensable, job-related disability. *Plaster v. Dayco Corp.,* 760 S.W.2d 911, 913 (Mo.App.S.D. 1988). Failure to offer expert testimony regarding the percentage of disability derived

from the compensable injury bars the claimant from recovering permanent partial disability benefits. *Id.; see also, Goleman v. MCI Transporters,* 844 S.W.2d 463, 465–466 (Mo.App.W.D.1992).

■ However, a preexisting but non-disabling condition does not bar recovery of compensation if a job-related injury causes the condition to escalate to the level of disability. *Weinbauer v. Grey Eagle Distributors,* 661 S.W.2d 652, 654 (Mo.App.E.D.1983). If substantial evidence exists from which the Commission could determine that the claimant's preexisting condition did not constitute an impediment to performance of claimant's duties, there is sufficient competent evidence to warrant a finding that the claimant's condition was aggravated by a work-related injury. *Id.*

Here, Dr. Brigham testified that although employee's pars planitis preexisted the January 6, 1982, accident, it was in a dormant state. This condition in no way prevented employee from performing his duties. In fact, employee was not diagnosed with pars planitis until over two months *after* the accident. It was not until employee's right eye was injured that the condition became apparent. Furthermore, the condition was far worse in the injured eye than in the uninjured eye.

We find *Weinbauer* controls here. Expert testimony was adduced showing employee's preexisting pars planitis condition was dormant prior to January 6, 1982, and became disabling only after the eye injury. We find no error in the Commission's determination that the industrial blindness in employee's right eye was entirely attributable to employee's accident. Point denied.

■ For their final point, employer-insurer contend the Commission erred in affirming the ALJ's award of interest retroactive to January 6, 1982, the date of employee's injury. The Commission's award states, "Any past due compensation shall bear interest as provided by law."

---

**3.** Employer and insurer argue that Dr. Schepens' reply letter was devoid of merit or weight as evidence upon which to base an award, because the letter fails to meet the requisites for a "complete medical report" as defined in RSMo

§ 287.210.5 (1993). However, at the hearing, both parties stipulated that Dr. Schepens would testify in accordance with the letter, were he present. Appellants failed to preserve this point for review.

RSMO § 287.160.3 (Cum.1994)[4] reads in part:

Provided, however, that if such claims for weekly compensation are contested solely by the employer or insurer, no interest shall be payable until after thirty days after the award of the administrative law judge.

This language was added in 1990, but applies retroactively to limit interest on workers' compensation awards entered prior to 1990. *Croffoot v. Max German, Inc.*, 857 S.W.2d 435, 436 (Mo.App.E.D.1993). The Commission's statement, that its award "shall bear interest as provided by law," is susceptible to only one interpretation: interest shall be calculated pursuant to RSMo § 287.160.3. *Emert v. Ford Motor Co.*, 863 S.W.2d 629, 630 (Mo.App.E.D.1993).

We review the award of the Commission, not of the ALJ. *Young v. Handy Andy*, 831 S.W.2d at 948. The Commission's award of interest was not erroneous. The Commission awarded employee interest retroactive to thirty days after the ALJ's award, or December 4, 1992 (*not* January 6, 1982). Bearing this clarification in mind, we deny employer-insurer's third point of error.

Based on the foregoing, we affirm the award of the Commission.

REINHARD, P.J., and CRAHAN, J., concur.

---

**4.** The ALJ, the dissenting member of the Commission, employee, and employer-insurer all refer to the applicable statute as RSMo § 287.169.3. However, no such statute exists. The correct reference is to RSMo § 287.160.3.