Thomas L. CAHALL,
Claimant/Respondent,

v.

Thomas L. CAHALL, Employer,

and

Lumbermen's Mutual Casualty,
Insurer/Appellant.

No. 72099.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 6, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 11, 1998.

Application to Transfer Denied
April 21, 1998.

John J. Johnson Jr., Brown & James, St. Louis, for appellant.

R.L. Veit, Carson & Coil, Jefferson City, for respondent.

AHRENS, Presiding Judge.

An Administrative Law Judge (ALJ) found claimant, Thomas L. Cahall, sustained a compensable injury caused by two work related accidents, one on July 27, 1994 and another on October 11, 1994. The ALJ awarded claimant medical benefits and temporary total disability benefits as a result of those accidents. The ALJ concluded that a prior injury in 1988 to the same leg did not foreclose the receipt of further workers' compensation benefits when the resulting conditions and the resulting medical treatments differed from the current injuries. The insurer appealed to the Labor and Industrial Relations Commission (Commission), denying liability and arguing the 1994 incidents did not amount to compensable accidents as a matter of law because claimant did not meet his burden of proving work was a *substantial factor* in the need for treatment or disability. The Commission affirmed the ALJ's awards. The insurer now appeals.[1] We affirm.

We view the evidence in the light most favorable to the awards. Claimant, a truck driver, incurred an open tibia fracture of his right leg on January 28, 1988, while employed by Riddle Trucking, Inc. The injury went from the knee joint down into the shaft of the tibia bone and contained an open wound about five inches long. Claimant received treatment for the tibia fracture from Dr. Jacques VanRyn from 1988 to 1993. Physicians inserted a metal plate in claimant's right leg. In 1993, claimant received a workers' compensation award in regard to his 1988 tibia fracture.[2]

In February of 1994, claimant returned to work as a self-employed truck driver and obtained workers' compensation insurance through Lumberman's Mutual Casualty Company. Claimant continued to have some swelling in his right leg from time to time. If scraped, a sore appeared, but then healed. However, claimant continued to operate a tractor-trailer without major difficulties.

On July 27, 1994, claimant slipped while climbing down from his truck at a truck stop in California. He scraped his right leg along the metal step. Claimant later noticed clear fluid seeping out of the site of the scrape. He bandaged the wound. Claimant testified the wounded area soon began to turn black and blue.

Claimant returned to Missouri, his leg now swollen and discolored. Dr. VanRyn performed a skin graft on the area of his right knee. Claimant took oral antibiotics. Claimant returned to work as a truck driver in September, 1994. On a return trip to California, his right leg began to swell.

On October 11, 1994, claimant rolled his tractor-trailer in New Mexico. Claimant sustained a bruise on his right leg and it began to seep again. The right leg became so swollen his pants felt tight. Claimant could hardly use his right foot to drive. Claimant returned to Dr. VanRyn, who admitted him

---

1. The appeals from the Commission's awards were consolidated on this Court's own motion.

2. Claimant reopened his 1988 case in 1995; the Commission found the 1988 injury to be the cause of the employee's need for medical treatment. In *Cahall v. Riddle Trucking, Inc.*, 956 S.W.2d 315 (Mo.App. E.D., 1997), this Court affirmed the Commission's finding that claimant's need for medical treatment was caused by the 1988 accident; this Court found sufficient evidence to support the Commission's award regarding certain medical bills and reversed in regard to other medical bills, not supported by medical records.

to the hospital. Claimant also saw Dr. Cabbabe, who believed claimant's body was rejecting the metal plate installed as a result of the 1988 injury. Claimant's physicians removed the metal plate, finding no infection.

In February of 1995, claimant returned to driving a truck. His right leg continually swelled, forcing him to stop for the purpose of elevating the leg. After driving to California, claimant's leg required two or three days of rest. Moreover, claimant required three or four days of rest between trips.

In July of 1995, while in California, claimant noticed his right leg bleeding extensively. Again, he returned to Dr. VanRyn. Dr. VanRyn told claimant to quit driving or face the possibility of losing his right leg. Claimant also saw Dr. Reynolds, who attempted to improve claimant's blood circulation.

Dr. William Costen testified by deposition that he examined claimant's right knee on April 29, 1996 and determined claimant's right knee had aged severely as a result of this 1988 accident and injury. Dr. Costen stated the July 27, 1994 incident and the October 11, 1994 incident aggravated the condition of claimant's knee and that Dr. VanRyn's treatment since 1994 related to those injuries. Dr. Costen noted that pre–1994 bruises healed while the July and October 1994 bruises did not heal. He believes the 1994 injuries triggered the need for treatment. He feels the 1994 bruises led to necrosis, requiring surgery.

Dr. VanRyn, the treating physician, believes claimant could not work following the October 11, 1994 incident. Dr. VanRyn recommended an additional six months of no work, with the right leg elevated. Dr. VanRyn testified the 1994 bruises were a substantial contributing factor to claimant's current medical problems and his current condition. Dr. VanRyn testified the recent diagnosis of "venous insufficiency" applies only to the 1994 injuries because claimant remained asymptomatic from the loss of veins prior to the 1994 bruises. Dr. VanRyn believes the combination of the 1994 incidents was one-third of the cause of claimant's current condition. The preexisting condition of 1988 constituted one-third of the cause and long distance driving at claimant's age, physical size and condition made up the last one-third.

■ We have jurisdiction to review the consolidated awards pursuant to Section 287.495 RSMo 1994, authorizing an appeal from the final award of the Commission. "An order lacks finality where it remains tentative, provisional, contingent, subject to recall, revision or reconsideration by the issuing agency." *Hillenburg v. Lester E. Cox Medical Ctr.*, 879 S.W.2d 652, 655 (Mo.App. 1994). Usually, no appeal lies from a temporary or partial award. *Id.* "However, appellate review on the issue of liability in a workers' compensation case is permissible although an award is denominated 'temporary or partial.'" *Stufflebean v. Crete Carrier Corp.*, 895 S.W.2d 115, 116 (Mo.App.1995)(citing *Woodburn v. May Distributing Co.*, 815 S.W.2d 477, 481 (Mo.App. 1991); *Smith v. Fabricated Metal Prods.*, 883 S.W.2d 537, 538 n. 3 (Mo.App.1994)). At this time, appellants contest only the Commission's findings of liability. Therefore, the Commission's decisions are reviewable by way of appeal, despite the titling of the awards as temporary or partial.

■ We review the decision of the Commission pursuant to Sect. 287.495 RSMo 1994. This court is bound to affirm the Commission's award if it is supported by competent and substantial evidence on the whole record. *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413, 415 (Mo.App. 1988). The inquiry is limited to whether the Commission could have reasonably made such findings and reached the result it did. *Id.* An award may only be disturbed when it is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence. *Id.* We defer to the Commission on issues concerning credibility and weight to be given to conflicting evidence and testimony. *Miller v. Wefelmeyer*, 890 S.W.2d 372, 375 (Mo.App.1994). The Commission is free to disregard testimony of a witness even if no contradictory or impeaching evidence is introduced. *Id.* It is in the Commission's sole discretion to determine the weight to be given expert opinions, and that cannot be reviewed by this Court. *Id.*

at 376. We do, however, review matters of law independently. *Kintz v. Schnucks Markets, Inc.,* 889 S.W.2d 121, 123 (Mo.App. 1994). We must liberally construe all provisions of the Workers' Compensation Act to resolve all doubts in favor of the employee. *Fischer v. Archdiocese of St. Louis–Cardinal,* 793 S.W.2d 195, 198 (Mo.App.1990).

The sole issue raised on appeal is whether the work incidents, in each case, were accidents which resulted in compensable injuries under Sections 287.020.2 and 287.020.3(2) RSMo 1994. The term "accident" is defined in Sec. 287.020.2 as "an unexpected or unforeseen identifiable event or series of events happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." An injury is only compensable if it is clearly work-related. Sec. 287.020.2. "An injury is clearly work related if work was a substantial factor in the cause of the resulting medical condition. An injury is not compensable merely because work was a triggering or precipitating factor." *Id.* Employment must be a substantial factor in causing the injury. Sec. 287.020.3(2)(a).

The Commission's findings of causation and work-relatedness are questions of fact. *See Hall v. Spot Martin,* 304 S.W.2d 844, 851–52 (Mo.1957); *Smith v. Climate Engineering,* 939 S.W.2d 429, 437 (Mo.App. 1996) (finding competent and substantial evidence to support the Commission's decision that claimant's work was a substantial factor in causing his condition, despite fact that aging process may have also been a substantial factor).

Appellants argue that claimant's explanation, that the 1994 incidents partially caused claimant's current condition, is not sufficient under the current statute. They further contend that Dr. VanRyn's testimony, which attributed one-third of the cause of claimant's current condition to the combination of the two 1994 incidents, is insufficient to satisfy the "substantial factor" test of Section 287.020. We disagree.

Appellants define substantial as requiring a considerable quantity, not merely some part. Appellants assert that one-third is only a small part, not a considerable part. Moreover, the actual fraction relating to each 1994 incident would be less than one-third. Appellants contend that even one-third cannot be held to be a substantial factor. However, the use of the general article "a" before "substantial factor", as opposed to the specific article "the", indicates a causative factor may be substantial even if it is not the primary or most significant factor. There is no bright-line test or minimum percentage set out in the Workers' Compensation Law defining "substantial factor".

We must, however, assume the Missouri legislature intended to effect a change in the Workers' Compensation Law by redefining the terms "accident" and "injury" in the 1993 amendments. *McCutcheon v. Tri–County Group XV, Inc.,* 920 S.W.2d 627, 631 (Mo.App.1996). Before the 1993 amendments, an accident need not have been the sole, primary or direct cause of the injury. *Rector v. City of Springfield,* 820 S.W.2d 639, 642 (Mo.App.1991). An accident need only have been an efficient, exciting, superinducing, concurring or contributing cause. *Manley v. American Packing Co.,* 363 Mo. 744, 253 S.W.2d 165, 169 (1952). Compensation was appropriate as long as the accident triggered a physical breakdown in or change in the pathology of an employee's body. *Wynn v. Navajo Freight Lines, Inc.,* 654 S.W.2d 87, 89 (Mo.1983). The 1993 amendments now state that work must be a substantial factor in the cause of the resulting medical condition or disability. Section 287.020.2. An injury is not compensable if "work" is merely a triggering or precipitating factor of the injury. Sec. 287.020.2

In the instant case, we find there is competent and substantial evidence on the whole record that each of the 1994 work incidents was a substantial factor in causing claimant's current medical condition and were not merely triggering or precipitating factors.

These work related accidents may have triggered claimant's current medical condition in that they were the last of multiple causal factors. However, a work related accident can be both a triggering event and a substantial factor. Moreover, the evidence

supports the Commission's findings that the 1994 incidents were more than mere precipitating factors because there is evidence in the record that claimant's leg would not have deteriorated with time regardless of the 1994 incidents.

Dr. VanRyn, the treating doctor, testified that even though claimant had a pre-existing condition, he maintained employment for approximately four years until the occurrences in 1994 rendered him totally disabled. He further testified the 1994 bruises went down into the muscles, causing veins to collapse. These veins did not regenerate, causing substantial damage to claimant's leg. Dr. VanRyn believed claimant had a significant loss of veins from the 1988 injury, "but he had enough veins still open to compensate for four years after he returned back to essentially his full driving schedule." Dr. VanRyn explained the 1994 injuries resulted in the loss of more venous structure. It is his belief that as a result of the combination of injuries claimant does not have enough open veins to continue to allow his leg to stay in a dependent position to drive.

On cross-examination, Dr. VanRyn testified that in his medical opinion, each 1994 incident was a substantial factor in claimant's current medical condition. Appellants point to Dr. VanRyn's testimony that "if there were no 1988 event, then the events of 1994 would not have caused a problem." This does not mean the events of 1994 cannot be substantial factors. It is the combination of events that caused the current medical condition. Considering the testimony, it appears if there were no events in 1994, then the 1988 event would not have resulted in claimant's current condition. Additionally, Dr. VanRyn testified the potential for bone infection, necessitating the removal of the metal plate, would not have resulted from the 1988 accident, but from a secondary episode causing seeding of bacteria in the area of the plate.

Dr. Costen labeled the events of 1994 as causes in that they contributed or triggered claimant's current injuries by aggravating a preexisting injury. This is not dispositive. The 1994 events can be both triggering events and substantial causal factors. The statute only states they may not be *mere* triggering events. Dr. Costen testified he currently diagnosed claimant with venous stasis as a result of the combination of injuries. This differs from the diagnosis predating his 1994 injuries. Claimant was asymptomatic from the loss of veins prior to the 1994 injuries. After the 1994 injuries, Dr. Costen believes claimant lost so many veins that they no longer provided proper circulation to the leg. Dr. Costen agreed that Dr. VanRyn's treatment since 1994 for Mr. Cahall's right knee was for the 1994 injuries. Dr. Costen distinguished bumps and bruises in 1992 and 1993 from the injuries in 1994, stating the pre–1994 bruises healed while the July and October 1994 bruises did not. Dr. Costen felt the 1994 injuries are significant in that they were "bruises that led to necrosis ... that led to surgery."

We conclude from a review of the whole record that the Commission's findings that claimant's 1994 work-related incidents were substantial factors in causing his current medical condition are supported by competent and substantial evidence and are not contrary to the overwhelming weight of the evidence. We reach only the issue of liability in this opinion. We do not have jurisdiction at this time to review the amount or content of the temporary or partial awards, which are subject to modification prior to final award. To the extent this decision regarding liability may lead to a duplicate recovery of medical expenses, the Commission can resolve these issues in further proceedings. The awards of the Commission are affirmed as to the issue of liability.

CRANDALL and KAROHL, JJ., concur.