Dale WIEDA, Employee/Appellee,

v.

STUPP BROTHERS, INC.,
Employer/Appellant,

and

AIU Insurance Company,
Insurer/Appellant.

No. ED 78612.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 7, 2001.

Carl Kessinger, Mary Anne Lindsey, St. Louis, MO, for appellant.

Mark A. Cantor, Gary K. Burger, Jr., St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Stupp Brothers, Inc. and AIU Insurance Company (collectively "Employer") appeal the decision of the Labor and Industrial

Relations Commission ("Commission") awarding temporary total disability benefits and continuing medical treatment to Dale Wieda ("Employee"). We affirm and assess sanctions for a frivolous appeal.

Employee sustained a herniated disc at L4–L5 and other damage to his spinal column while pulling a C-clamp in the course of performing his job at Stupp Brothers. At the time of the hearing, Employee was still experiencing extreme pain and had become addicted to narcotics prescribed to alleviate his pain. He was also suffering from depression and anxiety. The Commission found that Employee was entitled to temporary total disability benefits and ordered further medical treatment.

■ Employee has filed a motion to dismiss the appeal for lack of jurisdiction on the ground that the Commission's award is not final. We agree that there is usually no appeal from a temporary or partial award. *Hillenburg v. Lester E. Cox Medical Ctr.,* 879 S.W.2d 652, 655 (Mo.App.1994). However, we do have jurisdiction to review the issue of liability even though the award is denominated temporary or partial. *Cahall v. Cahall,* 963 S.W.2d 368, 371 (Mo.App.1998). Employee claims, however, that Employer is not truly contesting all liability for compensation, just the award of temporary total disability. Although Employer's contentions on appeal are somewhat ambiguous on this point, we find that Employer is contesting all liability. The Commission expressly stated in its award that its review covered the issue of liability only. By rule, this was the only basis upon which the Commission itself could consider the application for review. 8 CSR 20–3.040 (2001). Accordingly, Employee's motion to dismiss for lack of jurisdiction is denied.[1]

■ We review the decision of the Commission pursuant to section 287.495 RSMo 2000. We must affirm the Commission's award if it is supported by substantial and competent evidence on the whole record. *Cahall,* 963 S.W.2d at 371. We defer to the Commission on issues concerning credibility and weight to be given conflicting evidence and testimony. *Id.*

■ Judged by these standards, Employer's appeal is patently frivolous. There was no evidence which even remotely contradicted Employee's evidence that he suffered a compensable injury during the course and scope of his employment by Stupp Brothers. Every medical witness, including Employer's medical expert, found that Employee suffered at least some degree of disability as a result of the accident. Both Dr. Berwald and Employee's vocational expert testified that Employee is unable to compete in the open labor market primarily because of the continuing pain he is experiencing in his back. Employer's medical expert, Dr. Mirkin, was found to be biased, uninformed and not credible.[2] Employer's vocational expert was also found not to be credible.

Given the standard of review set forth above, we find that Employer could not have concluded in good faith that there was any prospect we would reverse the Commission's award. This is all the more disturbing given the Commission's finding that Employer had systematically avoided its legal obligations to Employee. Em-

---

1. We will confine our review, however, solely to the issue of liability and will not discuss Employer's points that are not directed to the issue of liability.

2. These findings are amply supported by the fact that Dr. Mirkin found diabetes was a substantial cause of Employee's spinal problems even though Employee does not suffer from diabetes.

ployee's motion for sanctions for frivolous appeal pursuant to Rule 84.19 is sustained. AIU Insurance Company is hereby ordered to pay Employee's attorney the sum of $5,000.00 within ten days of the issuance of our mandate and to file a receipt for same on or before that date.

The award of the Labor and Industrial Relations Commission is affirmed.

GARY M. GAERTNER, SR., P.J., and GEORGE W. DRAPER III, J., Concur.