Gary PORTWOOD, Appellant,

v.

TREASURER OF the STATE OF MISSOURI–CUSTODIAN OF THE SECOND INJURY FUND, Respondent.

No. WD 67140.

Missouri Court of Appeals,
Western District.

April 17, 2007.

Jerrold Kenter, Kansas City, MO, for appellant.

M. Shannon Schulte, Assistant Attorney General, Jefferson City, MO, for respondent.

Before THOMAS H. NEWTON, Presiding Judge, PATRICIA BRECKENRIDGE, Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Gary Portwood ("Appellant") appeals a decision of the Labor and Industrial Relations Commission ("the Commission") denying Second Injury Fund ("the Fund") liability. We affirm.

Appellant settled his primary claim against his employer, Golden Valley Memorial ("Employer"), and its insurer, leaving the Fund as the remaining party. At the hearing, the parties stipulated to the following facts. Appellant sustained a shoulder injury from an accident arising out of and in the course of his employment with Employer. The shoulder injury resulted in a 25% permanent partial disability to the right upper extremity at the shoulder. Appellant had a preexisting congenital condition in his cervical spine known as a Klippel–Feil deformity. Prior to the shoulder injury, the preexisting condition was unknown, undiagnosed, and asymptomatic. Appellant lost no time from work due to the preexisting condition, and the condition did not constitute a hindrance or obstacle to Appellant's employment or re-employment before the shoulder injury. Dr. James Stuckmeyer rated the preexisting condition at 15% to the body as a whole referencing the cervical spine.[1] The parties also stipulated to calculations in the event Fund liability was found: 15% to the right shoulder at the 232 level, 15% to the cervical spine for the prior condition, and a 10% load factor.

In addition to the stipulated facts, Appellant introduced his medical records and Dr. Stuckmeyer's deposition and independent medical evaluation. The Fund did not offer any additional exhibits. Appellant sought compensation for a permanent partial disability, claiming that the preexisting condition and the work-related injury combined to create a greater degree of disability than there would otherwise have been in the absence of the preexisting condition.

The Administrative Law Judge ("ALJ") concluded that the Fund was not liable to Appellant because his preexisting condition did not meet the threshold of a preexisting disability necessary for Fund liability, in that it was not a "measurable or actual disability" at the time of the shoulder injury. The Commission subsequently affirmed the ALJ's decision, adopting the findings and conclusions of the ALJ as its own, and awarded no compensation from the Fund. This appeal follows.

■■■ "Our review of this case is governed by section 287.495, RSMo 2000,[2] under which the decision will be affirmed unless the Commission acted in excess of its powers, the award was procured by fraud, the facts do not support the award, or there is insufficient evidence in the record to warrant the making of the award." *Fitzwater v. Dep't of Pub. Safety,* 198 S.W.3d 623, 626–27 (Mo.App. W.D.2006) (citing *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222 (Mo. banc 2003)) (internal footnote omitted). "When the

---

1. Although the Fund claims that this percentage was stipulated only for the purposes of the calculation of Fund liability, if any, the record does not reflect this distinction. At the hearing, the Fund's counsel indicated that it agreed with Appellant's counsel's recitation of the stipulated facts as set forth here.

2. All statutory citations are to RSMo 2000 unless otherwise indicated.

Commission affirms or adopts the findings of an ALJ (as it has done here), we review the decision and findings of the ALJ as adopted by the Commission." *Gassen v. Lienbengood*, 134 S.W.3d 75, 79 (Mo.App. W.D.2004). "Where the evidentiary facts are not disputed, the Commission's award becomes a question of law." *Uhlir v. Farmer*, 94 S.W.3d 441, 444 (Mo.App. E.D. 2003).[3]

Appellant contends that the facts do not support the award, in that the Commission erroneously applied the law regarding when an asymptomatic preexisting condition triggers Fund liability when combined with a work-related injury to result in a greater degree of disability than either condition alone.

■ In this case, the parties have stipulated to the underlying facts. Appellant admits that the preexisting condition was unknown and undiagnosed, asymptomatic, and did not interfere with his work in any way prior to the work-related injury. The parties disagree only as to the Commission's determination of whether the preexisting condition was sufficient to trigger Fund liability. "Decisions of the commission that are clearly interpretations of law are reviewed for correctness without deference to the commission's judgment." *Pierson v. Treasurer of State*, 126 S.W.3d 386, 387 (Mo. banc 2004).

■ To establish Fund liability, the claimant must show "either that (1) a preexisting partial disability combined with a disability from a subsequent injury

to create permanent and total disability or (2) the two disabilities combined to result in a greater disability than that which would have resulted from the last injury by itself." *Gassen*, 134 S.W.3d at 79. Appellant seeks compensation under the second theory.

■ Regardless of which theory a claimant uses, "[w]hen a claim is made against the Fund for permanent disability compensation, statutory language and case law make it mandatory that the claimant provide evidence to support a finding, among other elements, that he had a preexisting permanent 'disability.'" *Messex v. Sachs Elec. Co.*, 989 S.W.2d 206, 214 (Mo.App. E.D.1999). Fund liability is only triggered " 'by a finding of the presence of an actual and measurable disability at the time the work injury is sustained.'" *E.W. v. Kansas City Mo. School Dist.*, 89 S.W.3d 527, 537 (Mo.App. W.D.2002) (quoting *Messex*, 989 S.W.2d at 215). "The disability, whether known or unknown, must exist at the time the work-related injury was sustained and be of such seriousness as to constitute a hindrance or obstacle to employment or re-employment should the employee become unemployed." *Messex*, 989 S.W.2d at 214 (emphasis omitted).

Appellant's basic contention on this appeal is that *Garibay v. Treasurer of Mo.*, 964 S.W.2d 474, 479 (Mo.App. E.D.1998), effected a change in the law in how latent preexisting conditions that do not manifest themselves until after the last injury are to be treated in evaluating Fund liability.

---

**3.** The following cases cited in this opinion were all overruled on other grounds by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223, app. at 224–28 (Mo. banc 2003): *Uhlir v. Farmer*, 94 S.W.3d 441, 444 (Mo.App. E.D.2003); *Messex v. Sachs Elec. Co.*, 989 S.W.2d 206, 214 (Mo.App. E.D. 1999); *E.W. v. Kansas City Mo. School Dist.*, 89 S.W.3d 527, 537 (Mo.App. W.D.2002);

*Garibay v. Treasurer of Mo.*, 964 S.W.2d 474, 479 (Mo.App. E.D.1998); *Nance v. Treasurer of Mo.*, 85 S.W.3d 767, 769, 774–75 (Mo.App. W.D.2002); *Avery v. City of Columbia*, 966 S.W.2d 315, 322 (Mo.App. W.D.1998); *Miller v. Wefelmeyer*, 890 S.W.2d 372, 376 (Mo.App. E.D.1994); *Loven v. Greene County*, 63 S.W.3d 278, 284 (Mo.App. S.D.2001).

He asserts that *Garibay* stands for the proposition that the only inquiry in determining Fund liability is "whether there was a preexisting permanent partial disability, known or unknown, at the time of employment which will thereafter combine with a new disability to cause a greater disability than the new injury." *Id.* Contrary to Appellant's assertion, we do not believe *Garibay* effected a change in the law, nor do we find any conflict among the districts of this Court. Rather, we perceive the law to be quite settled in this area.

■■■ "[W]hen the combination of a preexisting disability with a compensable disability results in a greater disability than the sum of the two disabilities considered independently, the Second Injury Fund is liable for the difference between the sum of the two disabilities and the disability resulting from their combination." *Nance v. Treasurer of Missouri,* 85 S.W.3d 767, 772 (Mo.App. W.D.2002) (internal quotation omitted). However, "[p]reexisting conditions are not denominated 'disabilities' as of the date of the second injury simply because, at some point in the future, they combine with that injury to render the claimant permanently . . . disabled." *Gassen,* 134 S.W.3d at 81 (citing *Wilhite v. Hurd,* 411 S.W.2d 72, 77–78 (Mo.1967)).[4]

■■■ As between the employee and *employer,* " 'a preexisting but non-disabling condition does not bar recovery of compensation if a job-related injury causes the condition to escalate to the level of disability.' " *Avery v. City of Columbia,* 966 S.W.2d 315, 322 (Mo.App. W.D.1998) (quoting *Miller v. Wefelmeyer,* 890 S.W.2d 372, 376 (Mo.App. E.D.1994)); *see also Higgins v. Quaker Oats Co.,* 183 S.W.3d

264, 271 (Mo.App. W.D.2005). " 'If substantial evidence exists from which the Commission could determine that the claimant's preexisting condition did not constitute an impediment to performance of claimant's duties, there is sufficient competent evidence to warrant a finding that the claimant's condition was aggravated by a work-related injury.' " *Avery,* 966 S.W.2d at 322 (quoting *Miller,* 890 S.W.2d at 376); *see also Higgins,* 183 S.W.3d at 271.

■■■ In *Avery,* this Court looked at whether an *employer* could be held liable for a disability where the claimant had an asymptomatic preexisting condition. 966 S.W.2d at 322. The claimant had a preexisting arthritic condition in his knees, and he sustained a work-related knee injury that led to total knee replacement surgery. *Id.* The claimant had no symptoms, and the condition did not interfere with his work before the work injury. *Id.* The medical expert stated that the claimant was "pain free and working, functioning well from what he tells me, prior to the accident and, since that time has developed severe pain in both his knees." *Id.* The court held that the evidence was sufficient to show that the work injury had aggravated the preexisting condition, and the disability was compensable against his employer as a work-related injury. *Id.* In coming to that conclusion, this Court cited *Weinbauer v. Grey Eagle Distributors,* 661 S.W.2d 652, 654 (Mo.App. E.D.1983), in which the claimant's testimony that he felt "wonderful" prior to the accident despite a preexisting condition was held sufficient to show aggravation of that condition. *Avery,* 966 S.W.2d at 322–23. Thus, an employer, not the Fund, is liable where an

---

4. Superseded by statute on other grounds as stated in *Kasl v. Bristol Care, Inc.,* 984 S.W.2d 852, 853 (Mo. banc 1999); overruled on other grounds by *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223, app. at 224 (Mo. banc 2003).

asymptomatic preexisting condition that did not previously interfere with work duties becomes symptomatic and results in an overall disability only after being aggravated by a work injury.

In *Gassen*, 134 S.W.3d 75, this Court addressed whether a disability was the result of a combination of a work injury and a preexisting condition. *Id.* at 79. As here, the claimant had a preexisting condition, and the Commission denied Fund liability because it found that the condition was not an "actual or measurable disability" at the time of the work injury. *Id.* Before the work injury, the claimant "had seen the doctor for carpal tunnel one time, had not missed any time from work, had not been restricted in her activities by the doctor, [and] did not change her work routine," but she had numerous procedures after the work injury to treat the preexisting condition. *Id.* at 81. This Court found that the testimony showed that the claimant "had a condition that had not matured into a disability at the time of the second injury." *Id.* We stated, "The evidence does not establish that, independent of the second injury, it was cognizable as a permanent disability." *Id.* Accordingly, we held that the Commission did not err in finding a lack of actual or measurable disability at the time of the work injury. *Id.*

Here, Appellant stipulated that he was unaware of his preexisting condition and that it was undiagnosed and asymptomatic until after the work injury. Appellant further stipulated that he had missed no work and that the condition did not constitute a hindrance or obstacle to his employment before the work injury. Appellant's expert testimony confirmed Appellant's stipulations. Dr. Stuckmeyer stated that Appellant "informed this examiner that prior to the accident date of March of 2002 that he had *absolutely no* neck or shoulder complaints.... At the present time he states that prior to the accident date in discussion that he was totally asymptomatic and capable of gainful employment with no restrictions." Dr. Stuckmeyer concluded, "There is no question in this examiner's mind that Mr. Portwood indeed had an *asymptomatic* preexisting congenital deformity of the cervical spine[.] ... The patient denied any previous treatment or trauma or symptomatology specific to the cervical spine until March of 2002."

▮ Thus, it is undisputed that Appellant's preexisting condition was not disabling at the time of his shoulder injury and became disabling only upon being triggered or aggravated by the work injury. As such, prior to the injury, the preexisting condition was not a "disability" of "such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment" in the event Appellant became unemployed. *§ 287.220.1.* In other words, it was not " 'an actual and measurable disability at the time the work injury [was] sustained,' " and accordingly could not trigger Fund liability. *E.W.*, 89 S.W.3d at 537 (quoting *Messex*, 989 S.W.2d at 215). The Commission did not err in denying Fund liability.

Appellant's contention that *Garibay*, 964 S.W.2d at 479, eliminated the requirement that the preexisting condition be a "disability" prior to the injury is without merit. As noted in *Messex*, 989 S.W.2d 206, a subsequent Eastern District case, "[a]pplication of *Garibay* mandates the presence of an *otherwise-qualified* disability."[5] *Id.* at 215. The *Messex* court then went on to state that "Fund liability is only triggered by a finding of the presence of an actual

5. We note that *Garibay* and *Messex* were both authored by Honorable Kent E. Karohl, which we find significant in interpreting *Garibay*.

and measurable disability at the time the work injury is sustained." *Id.* This is consistent with the Southern District's holding in *Loven v. Greene County,* 63 S.W.3d 278, 284 (Mo.App. S.D.2001), and this Court's decision in *Gassen,* 134 S.W.3d at 80–81. Accordingly, we find no conflict among the districts of the Court of Appeals, and we deny Appellant's request that we transfer the case to the Supreme Court.

Appellant's asymptomatic preexisting congenital deformity was not an actual and measurable disability at the time of the last injury and was, instead, a latent preexisting condition that was aggravated by the injury. We affirm the Commission's award finding no liability on the part of the Fund.

ALL CONCUR.